## JEAN LACOSTE *v.* F. J. ROBERT.

Where the counsel for plaintiff and defendant have an agreement to take testimony without a commission, and submit the cause,—and this with the knowledge of plaintiff, who made no objection—and afterward plaintiff, without discharging his counsel, set his cause for trial, in the absence and without the knowledge of the opposite party, or either counsel, it was *Held :* That a judgment obtained under such circumstances, might be annulled under Article 607 of the C. P.

Such an agreement is within the discretion of counsel.

The instances of " ill practices" mentioned in Art. 607 of C. P., are given *exempli gratiâ*, and are not to be viewed as excluding other cases.

APPEAL from the District Court, Third Judicial District, parish of Jefferson, *Burthe*, J. *Latour*, for plaintiff. *Biron*, for defendant and appellant.

BUCHANAN, J. This is an action to annul a judgment, obtained under the following circumstances : The suit in which the judgment was rendered, was instituted in the parish of Jefferson, upon two promissory notes. . The defendant in that suit, plaintiff in this, pleaded various special defences to the action; and pending this issue, it was agreed by the counsel of plaintiff and defendant, that, in order to save costs, they would take the testimony of defendant's witnesses, who resided in New Orleans, in writing, without a commission, and would thereafter submit the cause to the court for its decision. This agreement was communicated by his counsel, to the plaintiff, (the present defendant,) who made no objection thereto ; but some time afterwards, without having discharged his counsel, went himself to the parish of Jefferson, set the suit for

5

LACOSTE    trial, and obtained judgment, in the absence and without the knowledge of the
   v.
ROBERT.    opposite party, or of either counsel.

This action is defended upon the want of authority in the counsel of defendant, to make such an agreement as the one proved; and the case of *Robert* v. *Commercial Bank*, 13 L. R. 532, is relied upon to sustain this defence.

We do not view the case of *Robert* v. *The Commercial Bank*, as a case in point. . That was an agreement of counsel, not to try a cause during the summer months, (or from June to November,) during which the court was in session, and the case might have been tried.  On being informed of the agreement of his counsel, it was promptly repudiated by the client, who discharged his counsel; and the trial took place in the presence of both parties; the agreement being made the ground of an application for a continuance, and on its refusal, of a bill of exceptions.  Besides, the agreement in that case was avowedly made with a sole view to the convenience of counsel, and no less avowedly for the purpose of delaying the decision of a cause, and thereby of injuring that party whose interest it was that the cause should have been tried. But the present case is an agreement of counsel which had no effect of that sort; and in making it, the counsel of *Robert* did not, in any manner, transcend the limits of that discretionary control over the management of the cause, which has been recognized by the decisions in *Paxton* v. *Cobb*, 2 La. 140, and of *Calmes* v. *Stone*, 7 An. 133.

It is scarcely necessary that we should notice the objection, that the petition in this case does not disclose the particulars of the defence which the plaintiff had against the original action.  The issue in this is, whether the defendant obtained a judgment in the other suit by " ill practices," in the sense of Article 607 of the Code of Practice; and the effect of our judgment, if for plaintiff, will be, simply to place the parties in the situation in which they were previous to the first judgment.

The instances of ill practices mentioned in Article 607, are given *exempli gratiâ*, and are not to be view as excluding other cases.  We consider the evidence as making out a case under that article.  The defendant was guilty of duplicity and unfair dealing in disregarding the agreement of his counsel—an agreement apparently made in his interest, after the same had been communicated to him, and he had not signified his disapprobation of it.

Judgment affirmed, with costs.