(88 South. 773)

No. 23240.

PEYTON et al. v. ROTH.

(May 2, 1921.  Rehearing Denied May 30, 1921.)

*(Syllabus by Editorial Staff.)*

1. **Descent and distribution** ⬤═90(4)—**Succession; where deceased retained control and collected rents, after transfer to defendant the burden was on defendant to show valid consideration.**

In a proceeding to set aside transfers of real estate by plaintiffs' deceased father, to defendant, his son-in-law, as fraudulent simulations, where the deceased collected rents and paid taxes, and for most, if not all, repairs, and treated the property as if he still owned it until his death, the burden rested on defendant to show that a valid consideration was paid for the property in view of Civ. Code, art. 2480, declaring that where the thing sold remains in seller's possession because he has reserved the usufruct, there is reason to presume that the sale is simulated, and with respect to third parties the parties must prove the sale is bona fide.

2. **Evidence** ⬤═383(7) — **Declaration in decedent's will that he had made bona fide sales of certain property held to add nothing to the authentic acts of sale as evidence of good faith.**

In a proceeding to declare null, as fraudulent simulations, two sales of real estate by plaintiffs' father, now deceased, to decedent's son-in-law, for the sum of $1,500 and $800 cash respectively, a statement in decedent's will that he had sold such property to such party with the understanding that decedent should have the usufruct during life *held* to add nothing to the declaration already made in the two authentic acts of sale as to issue of good faith.

3. **Descent and distribution** ⬤═90(4)—**Succession; purchaser held not to have overcome presumption of statute that where vendor remained in possession under reservation of usufruct the transaction was not bona fide.**

In plaintiffs' proceeding to declare null, as fraudulent simulations, two sales of real estate made by their father, now deceased, to his son-in-law for the respective sums of $1,500 and $800 cash, *held* that the defendant has failed to overcome by evidence the presumption of article 2480 of the Civil Code, that where the thing sold remains in seller's possession because of a reservation of the usufruct, the burden rests upon the party to snow that the sale is not simulated, but bona fide, and that the consideration was paid.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Suit by Mrs. Elizabeth Peyton and another, as the only heirs at law of John Schlumbrecht, deceased, against John Roth, to declare null, as fraudulent simulations, two sales of real estate by the deceased to the defendant. Judgment for the defendant, and the plaintiffs appeal. Judgment appealed from annulled, and ordered that the sales be declared null and of no effect, and decreed that each of the plaintiffs is owner of a third interest in the property in controversy; the defendant to pay costs of suit.

Benjamin Ory, of New Orleans, for appellants.

Ker & Feliu, of New Orleans, for appellee.

O'NIELL, J. [1] Plaintiffs appeal from a judgment rejecting their demand to have declared null, as fraudulent simulations, two sales of real estate made by their father, now deceased. Appellants are two of the three surviving daughters and only heirs at law of the deceased, John Schlumbrecht. Defendant, appellee, is the husband of the other surviving daughter. The two pieces of property in contest, one being on Clouet street and the other on Burgundy street, in New Orleans, belonged to the marital community between plaintiffs' father and mother. He made the sale of the property on Clouet street, ostensibly for $1,500 cash, on the 12th of February, 1906, and made the sale of the property on Burgundy street, ostensibly for $800 cash, on the 21st of June, 1906. Each sale was made by an authentic act, that is, before a notary public and two witnesses. At the time of the sale of the property on Clouet street, Mr. and Mrs. Schlumbrecht and Mr. and Mrs. Roth

and their children were residing there. The act of sale contains the following reservation, viz:

"And, as a further consideration for this sale, the said purchaser grants to the said vendor and to his wife, Mrs. Mary Condley, the use and habitation, during their natural life, of the portion of the aforesaid property presently sold occupied by them presently, free of all rents."

The two families continued to occupy the residence on Clouet street until the death of Mr. and Mrs. Schlumbrecht. She died in July, 1906, and he died on the 22d of January, 1915. Mr. and Mrs. Roth continued residing on the premises, and were yet residing there at the time of the trial of this suit.

The property on Burgundy street was rented, and the evidence shows conclusively that Schlumbrecht continued collecting the rent until his death. He also attended to and paid for the repairs to both houses until he died. There is some evidence, however, that Mrs. Roth, or her husband, paid for some repairs to both houses a short time before her father died. Schlumbrecht also paid the taxes and paving certificates after having made the acts of sale. He also signed, as owner, in February, 1913, an application to the plumbing department of the sewerage and water board for the plumbing of both houses, and signed, as owner, the application to connect both properties with the water mains; and he made the contract for the plumbing of both houses, and paid for the work, in 1913.

The evidence shows conclusively that Schlumbrecht remained in possession and regarded himself as the owner of the property, and was generally so regarded, as well after as before he made the two sales. Under these circumstances, the burden of proof was on the defendant to show that a valid consideration was paid for the property. Article 2480 of the Civil Code declares:

"In all cases where the thing sold remains in the possession of the seller, because he has reserved to himself the usufruct, or retains possession by a precarious title, there is reason to presume that the sale is simulated, and, with respect to third persons, the parties must produce proof that they are acting in good faith, and establish the reality of the sale."

[2] The only proof offered by defendant to show that he paid the price stated in each act of sale was his own testimony and that of his wife. They testified that the price was paid in currency, in bills of large denominations; that the money had been saved from defendant's salary of $125 to $150 a month, and had been accumulating for about 20 years; that they had kept the money in an ordinary tin bank box, in a wardrobe, in their bedroom; and that it amounted to about $2,500 at the time of the first sale.

In corroboration of the testimony of defendant and his wife, he introduced in evidence the last will and testament of John Schlumbrecht, dated the 20th of August, 1914, in which, after giving several special legacies, the testator made this declaration, viz:

"Some time previous to my wife's death I sold to my son-in-law, John Roth, the real estate known as 838 Clouet and 3054 Burgundy street, as per acts passed before F. D. Charbonnet, notary. No. 836 Clouet street was sold with the understanding that the seller should have the usufruct during his life. I wish to state these were bona fide sales and I received the price stated in said sales."

In explanation of the foregoing declaration, one of the attorneys representing the defendant in this suit testified that he was present when the will was made, and that the testator said that he made the declaration "because it was circulated around that that was not a bona fide sale, and I [he] wanted it known that it was a bona fide sale."

Our opinion is that the declaration made in Schlumbrecht's will did not add any force to the declaration which he had already made

in the two authentic acts of sale, that he had received the price stated therein.

[3] Beyond the testimony of the defendant and his wife, and the declaration in Schlumbrecht's will, there is no evidence whatever that he received any consideration for either sale. He was conducting an ice business at the time of the sales, and kept a bank account, in which he made regular deposits and on which he drew checks for his expenditures; and the bank statement does not show that he ever deposited either the $1,500 or the $800 supposed to have been received from defendant, or that he made any unusual deposit on or after either of the sales. There is no evidence that he ever had either the $1,500 or the $800, or any such sum of money, in his possession, or that he ever spent or invested any such sum after either sale. Only one of the parties who had signed as a witness to either of the acts of sale was called as a witness in this case. He had become blind, and was therefore unable to identify his signature. He said he had no recollection whatever of the transaction.

Our conclusion is that defendant has failed to overcome the presumption established by article 2480 of the Civil Code and the strong circumstantial evidence supporting that presumption.

The judgment appealed from is annulled, and it is now ordered, adjudged and decreed that the acts of sale made by John Schlumbrecht to John Roth, the one dated the 12th of February, 1906, recorded in Conveyance Book 204, page 429, and the other dated the 21st of June, 1906, and recorded in Conveyance Book 205, page 763, in the conveyance office of the parish of Orleans, be, and they are hereby, declared null and of no effect; and it is therefore ordered, adjudged and decreed that each of the plaintiffs is the owner of a third-interest in the property described in said acts of sale, respectively, viz:

(1) A lot of ground, with the buildings and improvements thereon, bearing the municipal number 836 Clouet street, in square bounded by Clouet, Montegut, Burgundy and Dauphine streets, in the third district of New Orleans, designated as lot No. 10, and measuring, in French measure, thirty (30) feet front on Clouet street by the depth of one hundred and twenty (120) feet.

(2) A lot of ground, with the buildings and improvements thereon, bearing the municipal number 3054 Burgundy street, in the third district of New Orleans, in the square bounded by Clouet, Montegut, Burgundy and Dauphine streets, designated as lot M, and measuring forty-five (45) feet, ten (10) inches and six (6) lines front on said Burgundy street, by the depth of thirty-one (31) feet, eleven (11) inches and five (5) lines.

Defendant, appellee, is to pay the costs of this suit.