64 So.2d 443

ALONSO v. BOWERS.

No. 40152.

March 23, 1953.

Phil Trice and Walter Andry, New Orleans, for defendant-appellant.

Edward J. Stoulig, Kenner, for plaintiff-appellee.

HAWTHORNE, Justice.

On February 18, 1948, the Twenty-fourth Judicial District Court for the Parish of Jefferson rendered a judgment in a suit on an open account in favor of plaintiff therein, Walter Bowers, and against defendant therein, Albert Alonso, in the sum of $4,167.22. In the case before us, the plaintiff in that suit, defendant here, has appealed from a judgment rendered by the district court of Jefferson Parish on October 26, 1950, annulling and setting aside the previous judgment in his favor.

The suit on the open account was filed on July 17, 1946, by Walter Bowers, defendant-appellant herein, against Albert Alonso for an alleged indebtedness in the sum of $1,920.50 for merchandise sold and delivered. The defendant after being duly cited appeared through counsel and filed an exception of vagueness, specifically setting forth certain particulars in which the petition was vague and indefinite. No action was taken on this exception, but on December 15, 1947, some 14 months after it was filed, plaintiff in that suit filed a supplemental and amended petition, purporting to satisfy the specific allegations of vagueness urged by the defendant in his exception. In this petition plaintiff increased the sum prayed for to $4,167.-22. Domiciliary service of this amended petition was duly made. On February 2, about 30 days after service of this petition, plaintiff in that suit entered a preliminary default against the defendant, and 16 days later, on February 18, 1948, judgment was rendered in confirmation of the default. This is the judgment which the district court annulled and set aside in the instant suit.

No notice of the default judgment was served on either Alonso or his counsel, and neither of them had any knowledge of the

judgment until more than a year after the date of its rendition, when a judgment debtor rule was taken against Alonso by Bowers in April, 1949. Shortly thereafter Alonso filed this suit to annul the judgment.

On the trial of this case Alonso admitted that the supplemental and amended petition was served at his domicile on his wife and that she gave it to him, but testified that, since he had employed an attorney to defend him in that suit with instructions to deny the correctness of the account sued on, he thought that his counsel was aware of all matters connected with the suit, and that it never occurred to him that there was any necessity of apprising his attorney of the fact that the supplemental and amended petition had been served.

Alonso's attorney testified that he was never apprised, either by his client Alonso, by the attorney for Bowers, or by any other person, of the filing of the amended and supplemental petition, and that he had no knowledge of any pleadings filed or any steps taken in the suit after the filing by him of the exception of vagueness, and had no knowledge of the default taken or judgment rendered against his client until informed of the judgment debtor rule filed by Bowers. None of this is disputed by the appellant.

■■ According to Article 605 of the Code of Practice, the causes for which the nullity of a definitive judgment may be demanded are those that are relative to form and those that appertain to the merits of the question tried. According to Article 607, one of the cases in which such judgment may be annulled is where it appears that it was obtained by *ill practices* on the part of the party in whose favor it was rendered. Under the jurisprudence any improper practice or procedure which enables a party to obtain a definitive judgment comes within the meaning of this article. The courts have looked at each case from a purely equitable viewpoint to ascertain whether allowing the judgment to stand would be inequitable or unconscionable in view of the practice or procedure which enabled the party to obtain such judgment. See Lacoste v. Robert, 11 La.Ann. 33; City of New Orleans v. LeBourgeois, 50 La.Ann. 591, 23 So. 542; Tarver v. Quinn, 149 La. 368, 89 So. 216; Succession of Gilmore, 157 La. 130, 102 So. 94; Walsh v. Walsh, 215 La. 1099, 42 So.2d 860; Coltraro v. Chotin, 1 La.App. 628.

■■ In Succession of Gilmore, supra [157 La. 130, 102 So. 95], this court said:

"* * * The remedy given by said article [607] * * * is not restrictive. The courts of this state will not hesitate to afford relief against judgments, irrespective of any issue of inattention or neglect, when the circumstances under which the judgment is rendered show the deprivation of legal rights of the litigant who seeks

relief, and when the enforcement of the judgment would be unconscientious and inequitable. Our courts will follow the general principles of equity jurisprudence applied by the equity courts of the other states of this country in actions of this character. * * *"

■ The Legislature of this state has adopted Act 217 of 1944, now LSA–R.S. 13:3344 et seq., which provides in part:

"* * * in all matters submitted to District Judges and Judges of the City Courts, for their decision and taken under advisement by them, it shall be the duty of the Clerk of the Court immediately upon the entry of an order or judgment, to issue and serve a notice of the entry, by mail, to all the parties to the suit, *through their attorneys of record*, or on the parties, if not represented by attorneys; and he shall make a note in the docket of the mailing. * * *

"*Every pleading subsequent to the original petition, every written motion and every written notice, appearance, demand, and similar paper shall be served upon each of the parties affected thereby through his attorney of record, or on the party, if not represented by an attorney * * *.*" (Italics ours.)

There is no doubt that one of the purposes of the enactment of this statute by the Legislature was to prevent the very thing that has happened in this case, that is, the obtaining of a judgment by default because opposing counsel of record was not aware of pleadings filed in the case after the original petition. The evidence in this case makes it clear that, had the statute been complied with by Bowers and the supplemental petition been served on counsel, counsel would never have allowed the judgment by default to be taken but would have defended the suit in behalf of Alonso.

It is not our intention to hold, nor do we hold, that the failure of defendant to comply with the statute by not serving the supplemental and amended petition on the attorney of record constitutes a vice of form for which a judgment may be annulled under the provisions of Article 606 of the Code of Practice; but we are of the opinion that the facts of this case show that the ill practice of defendant in failing to comply with the statute enabled him to procure the default judgment, and thus the case is one contemplated by Article 607 of the Code of Practice. On the basis of equity, therefore, the judgment should be annulled as its enforcement would be inequitable and unconscionable.

■■ We are mindful of the rule that, when a demand in nullity is based on equity, the plaintiff himself must not be guilty of laches. In the instant case, since the law requires that the supplemental and amended petition should be served on defendant through his attorney of record, we do not

think that Alonso was guilty of laches by his failure to inform his counsel of the service of the amended and supplemental petition.

Since we feel that Alonso is entitled to his day in court to urge any defense that he may have to Bowers' suit, it is proper for us to annul the judgment and thus place the parties in the situation in which they were before the taking of the default and the judgment confirming it.

For the reasons assigned, the judgment appealed from is affirmed, appellant to pay all costs.