LOTTINGER, Judge
dissents.
I am of the firm opinion that the judgment appealed from should be reversed and the case remanded and that a new trial be had.
*433 From a careful reading of this record and of the affidavits filed therein in connection with defendant’s application for a new trial as well as the letter of attorney for plaintiff therein referred to in said affidavits as quoted in the original opinion and decree rendered by this court, I am firmly of the opinion that neither defendant nor his attorney had reason to believe that a default judgment would be taken. The attorney for plaintiff notified defendant’s counsel that he would be given reasonable time to file pleadings and apparently plaintiff’s counsel took no steps to let it be known when the time he had allowed would expire or that it had expired. I do not mean to state that counsel for defendant did not have ample time in which to prepare and file his pleadings. I do believe, however, that counsel for defendant was given to believe that he would be given time to prepare his pleadings and that he was never notified by letter or otherwise that the time allowed him had expired or that it would expire within a given period of time and that at the expiration of said time a default would be taken. It is on this premise that I think the judgment should be annulled and the case remanded.
The rule with respect to setting such default judgments aside has been stated by our Supreme Court in the case of De Frances v. Gauthier, 220 La. 145, 55 So.2d 896, 897, as follows:
“It is well settled that he who seeks to have a default judgment against him set aside must allege and prove that he had good reasons for his nonappearance and for his failure to appear and timely plead. In other words, he must allege and prove facts which would excuse his failure to plead any defense that he might have had. When the trial judge has refused the defendant a new trial in a default judgment case, the appellate court should not disturb that ruling, regardless of the fact that the defendant may urge in his motion for a new trial that he has a meritorious defense to the merits, unless the defendant has shown to the trial judge a good excuse for his failure to appear to defend the suit. This is the ruling announced in Cutrer v. Cutrer, 169 So. 807, decided by the Court of Appeal, First Circuit, with which we fully agreed.”
I think that the facts here are amply sufficient to show why defendant did not make timely appearance to defend the suit. It would certainly have been little or no trouble for plaintiff’s attorney to notify defendant’s counsel that he intended to take prompt or further action in the matter.
Our courts have not hesitated to afford relief against judgments, irrespective of any issue of inattention or neglect, when the circumstances under which the judgment is rendered show the deprivation of the legal rights of the litigant who seeks relief, and when the enforcement of the judgment would be unconscionable and inequitable. See City of New Orleans v. LeBourgeois, 50 La.Ann. 591, 23 So. 542; Bell v. Holdcraft, La.App., 196 So. 379; Alonso v. Bowers, 222 La. 1093, 64 So.2d 443. I believe what was said in the case of Burthe v. Lee, La.App., 152 So. 100, 102, is applicable here:
“Law suits are not games in which courts are the mere referees or umpires, and in which technicalities must be allowed to triumph over actual justice.”
On the basis of equity, therefore, the judgment should be annulled as its enforcement would be inequitable and unconscionable. I feel that the defendant is entitled to his day in court to urge any defense he may have to plaintiff’s suit and for that reason I am of the opinion that the case should be remanded to the lower court.
For the foregoing reasons I respectfully dissent.