94 So.2d 656

**Gottlieb R. DIETZ et al.**

**v.**

**William G. DIETZ et al.**

**Gottlieb R. DIETZ et al.**

**v.**

**John M. DIETZ et al.**

No. 42892.

April 1, 1957.

H. Purvis Carmouche, Crowley, for plaintiffs-appellants.

Aaron & Everett, Crowley, for defendants-appellees and defendants-appellants.

PONDER, Justice.

This court in a prior case between the same parties, reported in 227 La. 801, 80 So.2d 414, 417, remanded the proceedings to the lower court with the instruction that "should the defendants fail to produce the witnesses above referred to without good cause, then the sales are to be set aside as the presumption would be so great as to render the conclusion of simulation inescapable." In remanding this case, this court also stated that additional evidence may be tendered by the parties litigant.

The witnesses referred to were the notary and the witnesses to the alleged acts of sale sought to be annulled on the ground of simulation. The acts of sale were executed by Mrs. Bertha Dietz conveying 80 acres of land to two of her sons, John M. Dietz and William G. Dietz. The deeds were passed simultaneously and conveyed to John Dietz 40 acres of the tract for $2,-400 cash, and to William Dietz 40 acres of the tract for a like recited consideration.

The facts are sufficiently set out in the former opinion and will not be here reiterated.

On this appeal we are concerned merely with the proof offered on the remand of the case. In our first opinion we said that the evidence concerning the genuineness of the sale to William Dietz would require that we uphold the sale while the condition of the record in that proceeding would require that we annul the deed to John Dietz and this we did not think was consonant with justice "which no doubt could have been dispensed had the defendants elected to produce the evidence readily accessible to them." The reference being the evidence of the notary and the witnesses to the acts.

Upon the remand of this case, the notary and one of the witnesses were called to testify. The notary to the acts of sale was Mr. J. Donald Aaron; one witness was Mr. Everett, Mr. Aaron's law partner; and the other witness was Miss Ethel Quebodeauz, the firm's stenographer who has since moved to Texas. The firm of Aaron and Everett represent the defendants in these consolidated cases.

The testimony of Mr. Aaron and Mr. Everett was to the effect that neither was able to recall how the cash consideration was paid and neither could say that any money was paid in their presence. The sales took place in 1949 and the trial was in September of 1953. No effort, except a

letter, was made to secure the testimony of Miss Quebodeaux although her address was known to the attorneys in the case.

Mrs. William Dietz and her daughter testified that William Dietz gave cash for the sale but they could not remember the denominations of the bills. The money, according to William Dietz, was taken from a strong box at home but in testifying as to the amount of the money he had in the box he could not remember. He testified that they had money in a bank account in Iota on the first trial, but when Mrs. William was asked on remand if they had any other money in any bank account she answered that at no time did they have any bank account.

As to the defendant John Dietz, he produced the witness Ivy LeJeune who farmed the land on a share crop basis and LeJeune testified that he paid the rental to John Dietz. This was contradictory to the testimony of John Dietz on first trial to the effect that his mother had received the rental. On this question the trial judge in his written reasons stated:

"The conflict in the testimony of John Dietz with his testimony given originally leaves the Court at a loss as to what to believe. In view of the fact that this man admittedly made false statements, under oath, to the Welfare Department in order to obtain relief just prior to the execution of the sales in question, and the apparent lightness with which he regards the taking of the oath, the Court has concluded that the contradiction of his previous sworn testimony cannot avail him."

The trial court concluded that the proof was not sufficient to prove that the sale to William Dietz was a simulation but that the sale to John Dietz should be annulled and set aside.

On the remand John Dietz testified that his mother collected the lease money from not only his tract but the tract deeded to William Dietz. Mr. Everett testified that no effort was made to either subpoena the secretary who was a witness to the acts or to secure her depositions. The evidence in the first case shows that William Dietz lived in a four-room house with nine children and he farmed intermittently and worked for various oil companies when such work was available. His earnings were not ascertained with certainty.

It was stated in the first decision that "the record is silent respecting his (William Dietz) mother's exercise of dominion and control over William Dietz' 40 acres after the date of the sale." On the remand John Dietz testified that his mother got the lease money on Willie's 40-acre tract. William Dietz did not testify on the remand or offer any evidence to contradict John Dietz' testimony.

The law as to the burden of proof is succinctly stated in Dietz v. Dietz, 227 La.

801; 80 So.2d 414 and will not be reiterated here. Suffice it to say that on the remand the proof offered as to the sale to John Dietz adds nothing and as was previously stated this sale should be annulled. See Article 2480 of the LSA–Civil Code and Peyton v. Roth, 149 La. 147, 88 So. 773.

In the case of Dietz v. Dietz, supra, the record was silent respecting his mother's exercise of dominion and control over William Dietz' 40 acres of land after the date of the sale but on the remand John Dietz testified that his mother got the lease money from this tract of land and this evidence was not contradicted. William Dietz' testimony was contracted on the remand by his wife as to whether or not he had a bank account. While William's wife and daughter testified that cash consideration was paid at the date of the sale yet they could not remember the denominations of the bills.

▆ It would appear that if consideration was paid the notary and the two witnesses would remember it and in our opinion it is significant that the testimony of the other witness was not procured at least by deposition because the case was remanded for that purpose and the presumption is that her testimony would not have been favorable to the defendants.

Another strong circumstance in this case is the fact that these two acts of sale were simultaneously passed and called for the same consideration and since unquestionably John did not pay the consideration it would seem extremely doubtful that the mother would exact payment from one son and not the other.

▆ A careful consideration of the evidence in this case leads us to the opinion that no consideration was paid by either William Dietz or John Dietz and such being the case both deeds should be annulled.

For the reasons assigned the judgment of the lower court bearing docket No. 15,-665, dismissing the suit as to William G. Dietz et al. is reversed and set aside, the case is reinstated and there is now judgment in favor of Gottlieb R. Dietz, Bertha Dietz Bertand, Rosie Lena Dietz Pousson, Madre Dietz Pousson, and against William G. Dietz, John M. Dietz, Edward K. Dietz, Ida Dietz Fruge and Richard J. Dietz, annulling and setting aside the sale of Mrs. Bertha Dietz to William G. Dietz passed on July 7, 1949 before Donald Aaron, Notary Public, recorded in Conveyance Book No. M–9, page 362 on July 7, 1949. All costs to be paid by the defendants.

The judgment of the lower court bearing docket No. 15,666 entitled Gottlieb R. Dietz et al. v. John M. Dietz et al. is affirmed. Cost of this appeal to be paid by the defendants.