LANDRY, Judge.
This appeal by defendants, Oneatha Anderson Scott and Kathryn Marie Scott (Appellants), from the default judgment rendered in favor of plaintiff, Roosevelt Chaney (Appellee), against them below, poses the single legal question of whether service of a supplemental and amending petition may properly be made upon a litigant rather than his counsel of record. We respond in the affirmative, and sustain the decision of the lower court.
On March 18, 1971, plaintiff herein entered suit against defendants seeking recovery of damages sustained in an inter-sectional automobile accident involving a vehicle being driven by defendant Kathryn Marie Scott. Service of the petition was made on both defendants on March 19, 1971. Thereafter defendants appeared through counsel and excepted to plaintiff’s petition as being vague and uncertain. The exception was heard May 25, 1971, resulting in judgment ordering plaintiff to amend paragraphs 6 and 8 of his petition to indicate the directions in which the respective vehicles were traveling at the time of the accident, and to itemize property losses. Plaintiff’s supplemental and amending petition complying with the trial court’s order was duly served upon defendant Oneatha Anderson Scott in person on June 5, 1971, and on defendant Kathryn Marie Scott by domiciliary service on that same day. Defendants filed no answer or other responsive pleadings. In due time, plaintiff obtained the judgment herein appealed.
Appellants rely entirely upon Alonso v. Bowers, 222 La. 1093, 64 So.2d 443 (1953), wherein plaintiff sought the nullity of a *360 default judgment obtained against him by defendant. In the prior action, plaintiff Bowers served a supplemental petition on defendant Alonso by domiciliary service, notwithstanding said defendant was then represented by counsel of record. Alonso admitted the domiciliary service, but no notice thereof was communicated to his attorney of record. The court held in Alonso, above, that the requirement of service upon counsel of record provided in LSA-R.S. 13:3344 established an exclusive method of service. The court also held that failure to serve the attorney of record constituted an ill practice contemplated by Louisiana Code of Practice Article 607 and constituted ground for nullity of a judgment.
We note, however, that the effect of Alonso, above, has been legislatively overruled by the adoption of LSA-C.C.P. art. 1314 (1960) which, as subsequently amended by Act 125 of 1968, reads as follows:
“A pleading which is required to be served, but which may not be mailed or delivered under Article 1313, shall be served by the sheriff, either on the adverse party in any manner permitted under Articles 1231 through 1265, or personally on the counsel of record of the adverse party.
Personal service on a partner or office associate of a counsel of record, in the office of such counsel of record shall constitute valid service under this article.”
Footnote (c) under Article 1314, above, clearly indicates that the statute effected a change in the law, and also that the codal provision was meant to legislatively overrule the judicial interpretation of LSA-R.S. 13:3344 as pronounced by Alonso, above.
Under the plain provisions of LSA-C.C.P. art. 1314, a pleading which is required to be served, but may not be mailed or delivered pursuant to LSA-C.C.P. art. 1313, may be served either on the adverse party in any manner permitted under LSA-C.C.P. arts. 1231 through 1265, or personally upon counsel of record of the adverse party.
In this instance, defendant Oneatha Anderson Scott was properly served in person pursuant to LSA-C.C.P. art. 1232, and defendant Kathryn Marie Scott was duly served by domiciliary service according to LSA-C.C.P. art. 1234. Both services were valid.
We note that there is no legal requirement that an attorney notify counsel for an opposing party of service of pleadings upon the adverse litigant either in person or by domiciliary service. Although professional courtesy might perhaps dictate such notice, the lack thereof cannot be deemed an ill practice sufficient to nullify a judgment. Presumably the litigant who is served possesses sufficient interest in the outcome of his cause that he will convey such information to his counsel of record.
The judgment of the trial court is affirmed at appellants’ cost.
Affirmed.