GARRISON, Judge.
This is an appeal from a judgment of the district court providing as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that Georgia Pacific Corporation’s Motion for Summary Judgment be and it is hereby granted and that plaintiff’s Petition to Annul Judgment be and it is hereby dismissed, with .prejudice, plaintiff to bear all costs.”
From that judgment, Felix Gardebled appeals.
On March 3, 1983 Georgia Pacific filed suit against Dependable Container & Chassis Service, Inc. in CDC # 83-3644. Felix Gardebled is the President of Dependable, a closely-held corporation. On November 24,1984 judgment was rendered in favor of Dependable, which judgment was appealed by Georgia Pacific. Georgia Pacific had failed to name Gardebled personally in the suit. Thus when Georgia Pacific lost against Dependable, it then filed suit on December 14, 1984 against Gardebled personally in a separate suit, specifically CDC # 84-20621. This petition was served on Gardebled who thought that it was a notice of appeal in the first suit and believed that his attorney was handling it. Gardebled was personally served on December 27, 1984 and a preliminary default was entered on January 14, 1985. The default was confirmed three days later on January 17,1985 resulting in a $12,722.00 judgment against Gardebled -personally on the same issues and for the same cause of action which his corporation had won at the trial level.
Gardebled’s attorney, in response to several judgment debtor rules thereon, filed a petition to annul the default judgment on grounds of fraud and/or ill practice under C.C.P. Art. 2004. Georgia Pacific filed a motion for summary judgment seeking to have the suit to annul dismissed. Georgia Pacific’s motion was accompanied by an affidavit executed by its attorney as affi-ant. Gardebled did not file opposing affidavits. However, his attorney filed an affidavit as the affiant thereon. Georgia Pacific’s motion for summary judgment was granted and Gardebled appealed.
The affidavit attested to by Georgia Pacific’s attorney provides as follows:
“1. He was the attorney of record for Georgia Pacific Corporation, who handled the matter entitled ‘Georgia Pacific Corporation v. Dependable Container and Chassis Services, Inc.,’ No. 83-3644 “J” on the docket of the Civil District Court for the Parish of Orleans (hereinafter referred to as the ‘Dependable case’).
2. Judgment was rendered by Judge Connolly against Georgia Pacific Corporation in the Dependable case on November 20, 1984.
3. On January 7, 1985, Georgia Pacific Corporation appealed the decision in the Dependable case to the Louisiana Fourth Circuit Court of Appeal.
4. Georgia Pacific Corporation filed suit against Felix J. Gardebled, Milton Held, and Henry Johnson, on December 14,1985, in the proceeding entitled ‘Georgia Pacific Corporation vs. Felix J. Gardebled, Milton Held, and Henry John *578 son,’ No. 84-20621 “J” on the docket of the Civil District Court of the Parish of Orleans (hereinafter referred to as the ‘Gardebled case’).
5. Andrew Rinker, Jr., was counsel of record for Georgia Pacific Corporation in the Gardebled case.
6. Felix J. Gardebled was served personally in the Gardebled case on December 27, 1984, by a deputy civil sheriff.
7. On January 14, 1985, the Honorable Revius Ortique signed a motion for default against Felix J. Gardebled in the Gardebled case.
8. The default was confirmed and a judgment was obtained by Georgia Pacific Corporation against Felix J. Gardebled in the Gardebled case in the amount of $12,722.00, plus interest and costs on January 17, 1985.
9. At no time prior to May 1985, more than one month after any appeal rights Mr. Gardebled may have had had lapsed, did Mr. Gardebled or anyone else inform counsel for Georgia Pacific Corporation that Mr. Gardebled was represented by counsel or that Mr. Gardelbed intended to file an answer in the Gardebled case.
10. The only correspondence or communication between counsel for Georgia Pacific Corporation and Glenn E. Diaz, from December 14, 1984, the date on which the Gardebled suit was filed, and March 27, 1985, the date on which the judgment in the Gardebled case became final and unappealable, was a two sentence letter from counsel for Georgia Pacific Corporation to Glenn E. Diaz, dated January 4, 1985, which was a cover letter for the motion for a devolutive appeal filed in the Dependable case. Counsel for Georgia Pacific never had any correspondence or communication with Mr. Diaz regarding the Gardebled case, prior to the date on which the Gardebled judgment become [sic] final.
11. Counsel for Georgia Pacific Corporation took no action to confuse or defraud Mr. Gardebled or Mr. Glenn E. Diaz into believing that the Gardebled suit was the same suit as the Dependable suit.”
The affidavit attested to by Gardebled’s attorney provides as follows:
“1. He is the attorney for Dependable Container and Chassis Services, Inc. as well as Mr. Felix Gardebled’s personal attorney.
2. Pursuant to his conversations with Mr. Rinker, both during and after the ‘Dependable’ trial, Mr. Rinker knew or should have known that Mr. Diaz represented Mr. Gardebled personally.
3. Based upon the fact that Mr. Rink-er knew that Mr. Diaz was Mr. Garde-bled’s personal attorney, he assumed that Mr. Rinker would inform him of any action that was being taken against his client’s interest.
4. After being informed by Mr. Rink-er that the ‘Dependable’ case was being appealed a few days after the second suit was filed against Mr. Gardebled he sent Mr. Gardebled a letter telling him that the appeal was going to occur.”
Significantly, neither client has filed an affidavit. Mr. Gardebled’s affidavit, had he executed one, would have been of help in this matter.
Attorney Rinker’s affidavit states that “[he] took no action to confuse or defraud [defendant and his attorney] into believing that the Gardebled suit was the same suit as the Dependable suit.” Likewise, Attorney Diaz’s affidavit states that Attorney Rinker “... knew or should have known that [he] represented Mr. Gardebled personally.” Both of these statements cut to the crux of the suit to annul. Both statements are likewise not a statement of fact based upon the personal knowledge of the affiant, but are in fact conclusionary statements. These statements are the genuine issues of material fact that must be decided by the judge.
C.C.P. Art. 967 provides in part:
“When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.”
*579 In Alonso v. Bowers, 222 La. 1093, 64 So.2d 443 (1953) the Louisiana Supreme Court, in an opinion written by the noted civilian scholar Justice Hawthorne, stated:
“No notice of the default judgment was served on either Alonso or his counsel, and neither of them had any knowledge of the judgment until more than a year after the date of its rendition, when a judgment debtor rule was taken against Alonso by Bowers in April, 1949. Shortly thereafter Alonso filed this suit to annul the judgment.
On the trial of this case Alonso admitted that the supplemental and amended petition was served at his domicile on his wife and that she gave it to him, but testified that, since he had employed an attorney to defend him in that suit with instructions to deny the correctness of the account sued on, he thought that his counsel was aware of all matters connected with the suit, and that it never occured to him that there was any necessity of apprising his attorney of the fact that the supplemental and amended petition had been served.
Alonso’s attorney testified that he was never apprised, either by his client Alon-so, by the attorney for Bowers, or by any other person, of the filing of the amended and supplemental petition, and that he had no knowledge of any pleadings filed or any steps taken in the suit after the filing by him of the exception of vagueness, and had no knowledge of the default taken or judgment rendered against his client until informed of the judgment debtor rule filed by Bowers. None of this is disputed by the appellant.
According to Article 605 of the Code of Practice, the causes for which the nullity of a definitive judgment may be demanded are those that are relative to form and those that appertain to the merits of the question tried. According to Article 607, one of the cases in which such judgment may be annulled is where it appears that it was obtained by ill practices on the part of the party in whose favor it was rendered. Under the jurisprudence any improper practice or procedure which enables a party to obtain a definitive judgment comes within the meaning of this article. The courts have looked at each case from a purely equitable viewpoint to ascertain whether allowing the judgment to stand would be inequitable or unconscionable in view of the practice or procedure which enabled the party to obtain such judgment. See Lacoste v. Robert, 11 La.Ann. 33; City of New Orleans v. LeBourgeois, 50 La.Ann. 591, 23 So. 542; Tarver v. Quinn, 149 La. 368, 89 So. 216; Succession of Gilmore, 157 La. 130, 102 So. 94; Walsh v. Walsh, 215 La. 1099, 42 So.2d 860; Coltraro v. Chotin, 1 La.App. 628.
In Succession of Gilmore, supra [157 La. 130, 102 So. 95], this court said:
‘ * * * The remedy given by said article [607] * * * is not restrictive. The courts of this state will not hesitate to afford relief against judgments, irrespective of any issue of inattention or neglect, when the circumstances under which the judgment is rendered show the deprivation of legal rights of the litigant who seeks relief, and when the enforcement of the judgment would be uncon-scientious and inequitable. Our courts will follow the general principles of equity jurisprudence applied by the equity courts of the other states of this country in actions of this character. * * *
(64 So.2d at 444).
Dependable won the first case on the merits, defeating Georgia Pacific. Garde-bled may have a valid defense on the merits in the second suit against him personally and in which the default judgment was granted. C.C.P. Art. 967 states “... summary judgment, if appropriate, shall be rendered....” Summary judgment in this case does not appear to be appropriate because genuine issues of material fact exist.
For the reasons discussed, the judgment of the district court is reversed.
REVERSED.
HUFFT, J., Pro tem., concurs.