Dear Senator Crain:
Through Ms. Anna Brakenridge, you have requested an opinion of this office regarding the enrollment of the staff of the Morehouse Sales Use Tax Commission (the "Commission") in a statewide retirement system.
It is our understanding that the Commission currently has two employees. One of those employees, Ms. Vining, has been a member of the Municipal Employees' Retirement System ("the "Municipal System") since prior to 1986. Ms. Vining continues to be a member of the Municipal System, in accordance with R.S.33:2844(C)(2), by virtue of the fact that she was enrolled in that system as an employee of the City of Bastrop prior to 1986.
R.S. 33:2844(C)(2), which was enacted in 1986, provides as follows:
 "If an employee of a political subdivision that levies a sales and use tax becomes an employee of [a joint sales and use tax commission], that employee may remain a member of the retirement system of which he has been a member prior to the enactment of this Section and shall retain his rights to the same employee benefits that he had been entitled to and participating in prior to the enactment of this Section." (emphasis added).
The Commission has sought to enroll it's other employee in both the Municipal System and the Parochial Employees' Retirement System (the "Parochial System"), but neither system has accepted the second employee as a member. As such you have asked for our opinion regarding the eligibility of the second employee, and all future employees hired by the Commission, for enrollment in either of these two statewide systems.
We are advised that the Municipal System has declined to accept enrollment of the Commission's employee(s), other than Ms. Vining, on the basis that R.S. 11:1752(B) (regarding the Municipal System) states, in pertinent part:
 "Individuals paid jointly by a participating employer and the parish are not eligible for membership in this system, except the following:
(1) City marshals and their employees.
(2) City constables and their employees.
 (3) Clerks of city courts in cities having a population of four hundred thousand or less.
 (4) Persons who through error participated in this system for in excess of five years prior to January 1, 1988 . . ." (emphasis added).
It is our understanding that the Commission is an entity separate and apart from both the Parish of Morehouse and the City of Bastrop, as well as all other municipalities that it serves. It prepares its own payroll, from the funds it generates from its tax collection functions. As such, it is the opinion of this office that R.S. 11:1752(B) is not applicable to the situation presented, since the Commission's employees are not paid jointly by their employer and the parish. However, we note that R.S. 11:1732(14)(a), which defines participating employers, does not include entities such as the Commission. As such, the Commission's employees, other than Ms. Vining, do not appear to be entitled to belong to the Municipal System.
We are advised that the Parochial System has declined to accept enrollment of the Commission's employee(s), based upon Ms. Vining's enrollment in the Municipal System, as the provisions of R.S. 11:1903(A) (regarding the Parochial System) state, in pertinent part:
 "Any taxing district of a parish, or any branch, or section of a parish . . . is hereby authorized to submit for approval by the board of trustees a plan for extending the benefits of this Chapter to the employees of such district. Each such plan . . . shall be approved by the board of trustees if it finds that such plan . . . is in conformity with such requirements as are provided in regulations of the board of trustees, except that no such plan shall be approved unless:
 (1) it is in conformity with the requirements of this Chapter and applicable state law;
 (2) it provides that all services which are performed in the employ of the political subdivision or instrumentality, by any of the employees thereof, shall be covered by the plan . . ." (Emphasis added).
Your request requires this office to construe and harmonize the statutory provisions referred to above. We note the following rules of statutory construction. Laws on the same subject matter must be interpreted in reference to each other. La. C.C. Art. 13. When two conflicting statutes apply to the same situation, the one more specifically directed to the matter at issue must prevail as an exception to the more general statute. Yamaha Motor Corp., U.S.A. v. Bonfanti Industries, Inc., 589 So.2d 575 (La.App. 1st Cir. 1991).
R.S. 33:2844(C)(2) is, in our opinion, a specific statute enacted to address the limited situation in which an employee of a political subdivision becomes the employee of a joint taxing commission. As such, the rule set forth in R.S. 33:2844(C)(2) must prevail over the general rules set forth in the general statutory provisions applicable to both the Municipal and the Parochial Retirement Systems.
Based upon the foregoing, it is our opinion that the Municipal System was correct in its recognition of Ms. Vining's right to remain a member of that system. However, that very conclusion points to in a hiatus in the law regarding the other employees of the Commission.
The Municipal System cannot accept the Commission's employees, other than Ms. Vining, because it has no statutory authority to accept employees of tax collecting entities such as the Commission.
We are advised that but for Ms. Vining's membership in the Municipal System, the Parochial System might be willing to accept the Commission's members under a plan agreement pursuant to R.S. 11:1903. However, in order for the Parochial System to do so, all of the Commissions employees would have to belong to the Parochial System, in accordance with R.S. 11:1903(A). (We note that R.S. 11:191 is not applicable to this situation, since the Commission's employees do not work for dual employers.)
As such, it would appear that this situation must be addressed by legislation.
Please also be advised that this office considered that R.S. 33:2844(C)(2) is subject to constitutional challenge, on the basis that it was not advertised in accordance with La. Const. (1974) Art. X, Sec. 29(C). However, our research did not reveal any reported cases which considered the constitutionally of that provision. As such, this office is constrained to presume R.S. 33:2844(C) to be constitutional. State in the interest of J.A.V., 558 So.2d 214 (La., 1990). Gulf Oil Corporation v. State Mineral Board, 317 So.2d 576 (La., 1975). Also pertinent is the decision rendered in Colwell v. State,506 So.2d 576 (La.App. 1st Cir., 1987), writ denied, 508 So.2d 89
(1987), which holds that the pre-introduction advertisement requirement contained in Art. X, Sec. 29(C) is only intended to apply to legislation affecting changes and amendments to "basic systems of retirement" for public employees. Until the courts have had further opportunity to construe Art. X, Sec. 29(C), it cannot be determined whether a statute such as R.S. 33:2844(C) (which authorizes a limited class of employees to remain members of a retirement system when their employment changes), should be considered a change in the "basic systems of [public] retirement".
Trusting this adequately responds to your request, I remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav/251n
cc: Ms. Anna Brakenridge Mr. William Toadvin Ms. Carole Mosely Mr. Thomas Reeves