226 So.2d 60 (1969)
SOUTHERN DISCOUNT COMPANY, Inc.
v.
Mrs. Margaret A. WILLIAMS.
No. 3596.
Court of Appeal of Louisiana, Fourth Circuit.
July 31, 1969.
*61 Chauvin, Newman & Duggins, Ronald H. Newman, New Orleans, for plaintiff-appellee.
Levy, Smith & Pailet, Lawrence J. Smith, New Orleans, for defendant-appellant.
Before REDMANN, SAMUEL and BARNETTE, JJ.
REDMANN, Judge.
In this suit on a note and chattel mortgage, defendant appeals the trial court's refusal to set aside a default judgment and order a new trial after a showing that plaintiff agreed to give defendant reasonable additional time to file an answer, yet in fact took a default 12 calendar days thereafter, allowing defendant only five judicial days beyond her statutory entitlement, without any further notice to defendant and without advising the trial court of the reasonable time extension agreement.
Defendant was served on Tuesday, May 21, 1968. Thereafter defense counsel had some discussions with plaintiff's counsel looking towards settlement. On Sunday, May 26, in a conversation between counsel settlement attempts were abandoned, defense counsel advised he would file an answer and plaintiff's counsel agreed he would give defendant, "reasonably", time to answer.
It will be noted that at the time of this agreement defendant still had of right two more judicial days within which to answer, LSA-C.C.P. art. 5002; plaintiff could not have obtained a default judgment prior to Wednesday, May 29. Plaintiff thus could have refused any additional time and defendant would still have had ample time to prepare a motion for and as a matter of routine obtain any reasonable extension from the court.
On Friday, June 7, without further communication to defendant, plaintiff obtained a default judgment. This was five judicial (and nine calendar) days after the day plaintiff could originally have taken a default, and eight judicial (and 12 calendar) days after the Sunday, May 26 conversation granting defendant "reasonable" additional time to answer. (May 30 and June 1, 2 and 3 were holidays.)
We pretermit defendant's complaint of lack of professional courtesy on plaintiff's counsel's part in taking a default knowing defendant had retained counsel; see Louisiana State Bar Association articles of incorporation, art. 14, §§ 22, 24 and 25, 21A LSA-R.S. pp. 170-2. The violation of the canons, if proven, might nullify a judgment thereby obtained for ill practice, LSA-C.C.P. art. 2004; but we think plainer grounds exist in this case.
The trial court should have annulled its default judgment because the court was imposed upon by plaintiff, in that it did not inform the court of the agreement for "reasonable" extension between counsel and of plaintiff's unilateral determination without notice to defendant that an additional five judicial days was "reasonable" and concluded defendant.
Had the trial court been informed originally by plaintiff of the "reasonable" agreement, and had the court determined that five additional judicial days was so indisputably sufficient compliance with the "reasonable" agreement that defendant need not even be afforded notice and hearing *62 on the question, perhaps we could say the only question on appeal was whether the period allowed was so conclusively "reasonable". The case is not that simple.
Even assuming for argument's sake that plaintiff's promise of time was without cause or consideration, plaintiff is estopped to repudiate that promise because defendant relied on it to her detriment: she could, with consummate ease, have obtained any reasonable extension from the court itself and prevented plaintiff from defaulting her, and no doubt would have done so had plaintiff refused to allow her time.
Or, had plaintiff advised defendant he would allow only five additional judicial days, at least there could have been no misunderstanding and if that time was inadequate to defendant's necessity or convenience, defendant could have applied to the court for the required time.
We therefore believe plaintiff is bound by its promise of reasonable time, at least until it notifies defendant it rescinds the promise or considers it not binding for lack of consideration, still giving her a specified time of a day or two to remedy her lack of a motion and order to extend, since this lack has been caused by her reliance on plaintiff's promise. Of course "reasonable time" is not forever, and there presumably comes a point when reasonable men would agree that the promise of reasonable time has been discharged. But five judicial days is not that point. Prior to such point good faith would require the issue to be presented to the court, and the fundamental procedural due process requirement of La.Const. art. 1, § 2, would entitle defendant to prior notice and hearing on the issue whether defendant has had the reasonable time promised. All of this is cumbersome; it is not so clear or so speedy as an extension agreement to a date certain; but it appears to us to be required by an agreement for "reasonable" time. The lack of all notice to defendant here, either of revocation of promise or of plaintiff's proposed action for default on the conclusion a reasonable time had passed (all during so relatively short a period of time that defendant could undoubtedly have obtained further time from the court) was ill practice which requires the nullification of the default judgment thereby obtained, LSA-C.C.P. art. 2004.
Interpreting the source provision of LSA-C.C.P. art. 2004 our Supreme Court has said, in Alonso v. Bowers, 222 La. 1093, 1098, 64 So.2d 443, 444 (1953),
"* * * Under the jurisprudence any improper practice or procedure which enables a party to obtain a definitive judgment comes within the meaning of this article. The courts have looked at each case from a purely equitable viewpoint to ascertain whether allowing the judgment to stand would be inequitable or unconscionable in view of the practice or procedure which enabled the party to obtain such judgment. * * *"
From this viewpoint, a court could plainly not suffer to stand a default judgment obtained during a period which plaintiff clearly promised defendant as additional time to answer; the plaintiff would have taken advantage of the lack of an answer (or of the routinely granted motion for extension) which plaintiff's promise induced. Equitable estoppel would surely be applicable, since defendant would reasonably have relied on plaintiff's promise to defendant's detriment. When, as in our case, the promised extension period is not so clear, we think it equally inequitable for plaintiff to resolve its lack of clarity exclusively in its own favor with no notice to defendant, and the resulting default judgment cannot stand.
The judgment appealed from is therefore reversed and the default judgment is annulled and set aside and this matter is remanded for further proceedings. Plaintiff shall bear the costs of this appeal.
Reversed and remanded.