SAMUEL, Judge.
Plaintiff, a mortuary, filed suit for $771.61, being the balance due for the funeral service of Mrs. Dorothea McNelty, plus attorney’s fees, interest and costs. The suit was based on two funeral service contracts allegedly entered into by the defendants, decedent’s husband, daughter and sister, as joint and several obligors. The defendants failed to make an appearance after service of process and on September 3, 1968 a default judgment was taken against them, in solido, as prayed. Subsequently, after the decedent’s sister, Mrs. Juanita Marshall, had been examined as a judgment debtor, a garnishment proceeding was instituted against her employer and judgment obtained thereon.
On August 21, 1969, Mrs. Marshall filed this suit seeking to have the judgment rendered against her on September 3, 1968 declared null. Following trial on the merits there was judgment in favor of the mortuary, dismissing the action of nullity. Mrs. Marshall has prosecuted this appeal therefrom.
Evidence adduced during the trial of the action for nullity establishes the following facts: The three defendants went to the funeral home to make arrangements for the services. Two contracts were entered into, both identical in form and terms, and both relating to the same decedent. At the bottom of each contract are four lines, each preceded by the printed word “Signature”. Opposite these lines are four other lines, each preceded by the word “Address”. Under the lines marked “Signature” is a line preceded by the word “Witness” and opposite thereto, under the lines marked “Address”, is a line preceded by the word “Director”. On one of the contracts Mrs. Cynthia Waker’s signature appears on the first line marked “Signature” with her address on the opposite line, “Mrs. Estelle J. Wilson” appears on the line marked “Witness”, and H. R. Chariot, Sr. signed on the line marked “Director”. On the other contract the signature on the first line marked “Signature” is that of the husband, Luther McNelty, his address is written on the opposite line and the director’s signature appears on the line marked “Director”. However, while Mrs. Marshall’s signature also appears on the line marked “Witness” on that contract the printed word “Wit *632 ness” is marked through with ink and her address and telephone number are written in ink under her signature. Obviously, insofar as Mrs. Marshall is concerned, the question primarily involved on the merits of the suit for the funeral services was whether she signed as a witness or as an obligor.
Mrs. Marshall testified she went to the mortuary with her niece and brother-in-law, who had an insurance policy which was to pay the burial expenses. (The contracts in the original suit do contain an assignment of a policy with the National Life & Accident Insurance Company of Tennessee. However, it appears no policy payment was made to the mortuary.) All three signed the contracts for the funeral services but she, Mrs. Marshall, signed only as a witness and then only at the request of the funeral director, Chariot. At the time her signature was affixed the word “Witness” had not been lined out. She did not write her address and telephone number which now appear under her signature.
Mrs. Marshall further testified that two days after she had been served with the mortuary’s suit for her sister’s funeral services she consulted an attorney with Legal Aid. Shortly thereafter she saw the attorney for the mortuary and he informed her he would not prosecute the suit to judgment against her if she would help him locate her niece and brother-in-law. She complied with this request; the brother-in-law began making weekly payments on the bill and her mother also made some payments. She did not return to the Legal Aid attorney until after she had been served with the judgment debtor rule.
The attorney for Legal Aid referred to by Mrs. Marshall also appeared as a witness. From her explanation and from the petition which she brought with her on her first visit that attorney felt she had a good defense in that she was not an obligor on the contract. Accordingly, he told her to return with a witness who could sign the ■ necessary affidavit so that an answer could be filed in forma pauperis on her behalf. She left with that understanding but did not return until after judgment had been rendered and the garnishment proceedings had begun.
Mr. Chariot testified Mrs. Marshall had signed as an obligor but had affixed her signature on the witness lines in error and that the word “Witness” on one of the contracts had been lined out and her address and telephone number written thereunder in her presence and with her knowledge for the purpose of avoiding the necessity of her signing again.
The record contains no other evidence relative to Mrs. Marshall’s visit to the attorney for the mortuary prior to the rendition of the judgment sought to be annulled. That same attorney represented the mortuary at the trial of the action for nullity, but neither he nor any other person gave any testimony regarding her visit and his assurance (as testified by Mrs. Marshall) he would refrain from taking a judgment against her. While the court knows and respects that attorney, and finds it difficult to believe he would mislead a litigant by assurances he would not prosecute a case to judgment and then proceed to do so, we must and do accept Mrs. Marshall’s testimony relative to the visit and assurance because the record contains no evidence to the contrary, particularly in view of the fact that there was a full opportunity to offer such evidence.
Under these circumstances we conclude the appellant effectively was deprived of her right to assert what appears to have been a valid defense and, accordingly, the judgment thus obtained must be annulled. LSA-C.C.P. Art. 2004; Sterling v. Jones, 2S5 La. 842, 233 So.2d 537; Alonso v. Bowers, 222 La. 1093, 64 So.2d 443; Succession of Gilmore, 157 La. 130, 102 So. 94; St. Mary v. St. Mary, La.App., 175 So.2d 893.
For the reasons assigned:
It is ordered, adjudged and decreed that there be judgment in favor of plaintiff in *633 action for nullity, Mrs. Juanita Marshall, and against defendant in action for nullity, Estelle J. Wilson Mortuary, Inc., annulling, only insofar as the said Mrs. Juanita Marshall is concerned, the judgment rendered and signed on September 2, 1968 in the suit entitled “Estelle J. Wilson Mortuary, Inc. v. Mrs. Cynthia Waker, Mrs. Juanita Marshall and Luther McNelty”, bearing No. 115-683 of the docket of the First City Court of the City of New Orleans, Section B.
It is further ordered that the said Estelle J. Wilson Mortuary, Inc. pay all costs in both courts resulting from the action for nullity.
Reversed.