289 So.2d 846 (1974)
William H. SPITZKEIT
v.
Thelma Jane ROBINSON.
No. 5999.
Court of Appeal of Louisiana, Fourth Circuit.
February 6, 1974.
Thomas S. Loop, Covington, for plaintiff-appellee.
Jesse S. Guillot, New Orleans, for defendant-appellant.
Before GULOTTA, SCHOTT and MORIAL, JJ.,
SCHOTT, Judge.
This appeal is from a judgment maintaining an exception of no cause of action as to a petition to annul a judgment taken against Thelma Jane Robinson by William H. Spitzkeit. The action to annul was based upon allegations of fraud pursuant to LSA-C.C.P. Art. 2004.
Spitzkeit's original judgment was taken on the basis of a petition for past due rent under a lease of premises by him to Robinson. *847 A general denial had been filed by her. The case was fixed for trial with notices served on Robinson's counsel and the case tried in the absence of Robinson's counsel who made no appearance. Present counsel for Robinson was not representing her in the former proceedings and did not become attorney of record until the petition to annul was filed.
Robinson's petition alleges that Spitzkeit practiced fraud and deceit in that he failed to disclose to the court when he took his judgment that the leased premises were unfit for human habitation and that she was therefore justified in vacating the premises and paying no rent. In this Court she also contends that the judgment should be annulled because neither she nor her attorney were present at trial and therefore the judgment had to be served upon her and not mailed to her.
Beginning with her second contention, it has no merit in that the requirement for service of a notice of judgment on a defendant is applicable only to the situation where a default judgment is taken against a defendant who was not served personally and who filed no pleadings in response to the petition, but notice by mail is sufficient in all other cases and where counsel of record was not present at trial such notice must be mailed to the party. LSA-C.C.P. Art. 1913.
With respect to Robinson's first contention that Spitzkeit committed fraud and deceit in failing to disclose to the Court and taking his judgment in spite of the alleged fact that the premises were unfit for human habitation, these matters would have constituted affirmative defenses to Spitzkeit's suit and should have been pled in the original answer. Robinson's failure to defend the suit on that ground does not now enable her to bring an action to annul the judgment taken by Spitzkeit. Steele v. Ruiz, 202 So.2d 376 (La.App. 4th Cir. 1967).
However, in our own review of the record we find that she did allege a cause of action in her paragraph 9 as follows:
"William H. Spitzkeit, having advised Thelma Jane Robinson that he had no intentions of proceeding with any action against her after filing suit and serving papers upon her, committed deceit and fraud upon the Court."
Taking these allegations as true as is required in the disposition of an exception of no cause of action, such facts would under the law provide a factual basis for the fraud and ill-practice contemplated by LSA-C.C.P. Art. 2004. Estelle J. Wilson Mortuary, Inc. v. Walker, et al., 244 So.2d 630 (La.App. 4th Cir. 1971).
Accordingly, the judgment appealed from is affirmed to the extent that the exception of no cause of action insofar as all allegations of the petition, exclusive of paragraph 9, are maintained, but with respect to that paragraph the judgment is reversed, the exception of no cause of action is overruled and the case is remanded to the District Court for further proceedings. William H. Spitzkeit is to pay all costs of this appeal.
Affirmed in part, reversed in part, and remanded.