325 So.2d 773 (1976)
Ethel Gertrude Martin COLLINS, Plaintiff-Appellee,
v.
Herman COLLINS, Defendant-Appellant.
No. 12783.
Court of Appeal of Louisiana, Second Circuit.
January 6, 1976.
*774 Eugene J. Coen, Shreveport, for defendant-appellant.
John E. Lawhon, Robert P. Waddell, Charles W. Kelly, IV by Robert P. Waddell, Shreveport, for plaintiff-appellee.
Before BOLIN, PRICE and HALL, JJ.
BOLIN, Judge.
Defendant appeals from a judgment annulling a judgment of separation from bed and board previously rendered in favor of the present defendant against the present plaintiff. We affirm.
The issue is whether plaintiff proved the judgment of separation was obtained by "ill practices" entitling her to relief under Louisiana Code of Civil Procedure Article 2004.
On March 14, 1975, Herman Collins filed suit against Ethel Collins for a separation. Upon plaintiff's allegations that the wife was a nonresident, a curator ad hoc was appointed to represent her. On April 15, 1975, the curator filed an answer in the form of a general denial. The case was called for trial on April 30, 1975, and judgment was rendered in favor of plaintiff Herman Collins.
The evidence bearing upon ill practices was the testimony of defendant's and plaintiff's attorneys, which is conflicting. The trial judge in brief written reasons stated: "We accept the plaintiff's version of the facts". Since the witnesses testified in open court, the trier of fact was in a much better position to assess their credibility than is this court. We therefore accept plaintiff's version of the facts.
According to the version of the present plaintiff, Ethel Collins, she came from Houston, Texas to Shreveport, Louisiana and retained her present attorney, on or about April 23, 1975. She returned to Houston after being assured by her attorney he would contact Mr. Collins' attorney relative to the suit. On or about April 24, 1975 (but in no event later than April 28), this attorney telephoned Herman Collins' attorney informing the latter that he represented Mrs. Collins and that he would file an answer forthwith; that Mr. Collins' attorney assured him he would take no further action and he in turn telephoned Mrs. Collins in Houston and informed her of *775 this assurance. On or about April 31, 1975, Mrs. Collins' attorney noticed in the Legal News that a judgment of separation was rendered against his client; that he immediately contacted Mr. Collins' attorney who informed him there had been an oversight which he would attempt to correct; that the "oversight" was not corrected and the present suit to annul the judgment as filed on May 6, 1975.
La.C.C.P. Art. 2004 provides:
A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
An ill practice justifying annulment of a judgment encompasses situations where the circumstances under which the judgment is rendered show the deprivation of legal rights of the litigant who seeks relief if the enforcement of the judgment would be unconscionable and inequitable even though no actual fraud or intentional wrong is shown in the procurement of the judgment. Official Revision Comment (b); Alonso v. Bowers, 222 La. 1093, 64 So.2d 443 (1953); Johnston v. Smith, 284 So.2d 149 (La.App.2d Cir. 1973); Spitzkeit v. Robinson, 289 So.2d 846 (La.App. 4th Cir. 1974).
Based upon the factual findings of the lower court, in which we concur, we find plaintiff has borne the burden of proving an ill practice of such character as to justify the annulment of the judgment under the law and jurisprudence as heretofore set forth.
Counsel for appellant points out in his brief filed before this court that subsequent to the rendition of the judgment of annulment in the lower court other proceedings were had; in fact, the record before us was supplemented in order to include these proceedings. However, the appeal is from the judgment of annulment and any actions taken thereafter are not subject to review on this appeal.
For the reasons assigned the judgment of the lower court is affirmed at appellant's cost.