REDMANN, Judge.
The owners of two automobiles that collided sued each other the same day, February 22, 1978. One’s insurer joined him in this suit in New Orleans First City Court. The other owner (defendant in this suit) sued in the Orleans Civil District Court.
This suit resulted in a default judgment on January 4, 1979. On December 4, 1979, defendant brought an action to annul for ill practice, La.C.C.P. 2004. Defendant’s lawyer testified that he had an agreement with opposing counsel to try the Civil District Court suit, and it was not until the day that that suit was to be tried, 11 months after the default judgment, that he learned of the default judgment in this suit.
Plaintiffs now appeal from the judgment annulling the default judgment. Yet plaintiffs’ counsel’s testimony is not that he had no such agreement with defense counsel, but only that he does not remember any; “It could be that I did and have forgotten, or it could be that someone in my office may have talked to him. I had an attorney named Carol Accardo handling this particular case at the time, but this is the only documentation I have in the file of any sort of contact with Mr. Amato.” Plaintiff counsel then produced letters asking for responsive pleadings, including one from Miss Accardo of May 11 saying if they “are not filed within the next seven days, my client has requested we take a default judgment.” But no default was taken until eight months later, and that letter of counsel is not inconsistent with a subsequent agreement, such as defense counsel testified to, during the intervening eight months. A certified-mail letter of September 4 merely requested “Please file responsive pleadings at your earliest convenience.”
A default judgment taken in spite of an agreement not to do so is annullable. Southern Discount Co. v. Williams, La.App. 4 Cir. 1969, 226 So.2d 60; Estelle J. Wilson Mortuary, Inc. v. Waker, La.App. 4 Cir. 1971, 244 So.2d 630; Spitzkeit v. Robinson, La.App. 4 Cir. 1974, 289 So.2d 846.
Affirmed.