KNOLL, Judge.
This suit in redhibition was instituted on December 2,1981 by Paul Doumite and Son, Inc. (hereafter Doumite) against Albert Karam Ford (hereafter Karam), Ford Motor Company (hereafter Ford), and Truck and Tractor Equipment Company for recovery of the purchase price, damages, and attorney’s fees arising out of Doumite’s purchase of a 1979 Ford F-800 truck. Truck and Tractor Equipment Company responded with a general denial and filed a third party demand against the other two defendants. Albert Karam responded in proper person to the third party demand but filed no answer to the main demand. Ford filed no response to either demand until after a judgment by default against it was signed on April 19, 1982. A timely motion for a new trial was filed by Ford. Doumite’s attorney waived appearance and offered no opposition to the motion for a .new trial. The motion for new trial was denied by the trial court. Ford has appealed the trial court’s judgment denying a new trial. We reverse.
FACTS
Doumite purchased a 1979 Ford F-800 chassis-cab truck from Karam on September 14, 1979. After the purchase, Doumite employed Truck and Tractor Equipment Company to modify the truck. Immediately following the modification of the truck Doumite began to experience severe vibrations in the operation of the vehicle.
Doumite filed suit in redhibition on December 2, 1981 naming Ford, Karam, and *627 Truck and Tractor Equipment Company as defendants. Ford’s attorney contacted the attorney for Doumite by phone on December 16,1981 requesting an extension of time within which to plead. This was confirmed by a letter from Ford’s attorney dated December 17, 1981 to Doumite’s attorney. There were no pleadings filed or action taken in the suit until entry of a preliminary default on April 1, 1982. A confirmation hearing was held on April 7, 1982 and judgment was signed on April 19, 1982, in favor of Doumite and against Ford for $18,-195.67 plus interest from date of judicial demand, twenty-five per cent attorney’s fees and cost.
LSA-C.C.P. Art. 1701 provides:
“If a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him....”
It is well settled that a default judgment taken in spite of an agreement not to do so is annullable. Southern Discount Co. v. Williams, 226 So.2d 60 (La.App. 4th Cir.1969); American Motorists Ins. Co. v. Miller, 395 So.2d 469 (La.App. 4th Cir.1981). This constitutes good ground for the granting of a new trial upon timely application.
Ford’s counsel requested an extension of time from Doumite’s counsel within which to file responsive pleadings. This request was made in a telephone conversation which was followed by a letter from Ford’s counsel confirming the extension. At the hearing for a new trial, Doumite’s counsel did not deny that an extension had been granted, and testified that he was not certain as to whether or not he had granted to Ford’s counsel an extension of time within which to plead.
On the other hand, Ford’s counsel produced his letter to Doumite’s attorney confirming an extension of time within which to file responsive pleadings. He was certain of the content of his conversation with Doumite’s counsel wherein an extension of time was granted. We find that the default judgment taken in view of this agreement is annullable and Ford is entitled to a new trial.
Two other issues are raised by this appeal. The first concerns the validity of the default judgment. The other issue concerns the amount of damages awarded by the trial court. It is unnecessary to treat these issues since the default judgment is annulled.
For the foregoing reasons the judgment appealed from is reversed; the default judgment is annulled and set aside; and this matter is remanded for a new trial. Costs of this appeal are assessed to defendant-appellant, Ford Motor Company.
REVERSED AND REMANDED.