LOTTINGER, Judge.
This appeal arises from a default judgment taken by plaintiff-appellee, Berwick Bay Oil Company, Inc., against defendant-appellant, Sunrise Shipping Agency, Inc., on an open account. From the trial court’s refusal to annul the judgment on grounds of ill practices, defendant appeals.
FACTS
Plaintiff sued defendant on an open account for the alleged sale of fuel oil in the amount of $12,482.57, plus interest and attorneys fee’s.
Service was made on defendant through its registered agent on or about August 6, 1986. On or about August 8, 1986, J. Clifton Hall, III, of the law firm of Phelps, Dunbar, Marks, Claverie & Sims, telephoned plaintiff’s attorney R. Scott Ramsey, Jr. to notify the latter of Phelps, Dunbar’s representation of Sunrise and to ask for an informal 30-day extension of time (i.e. until September 18, 1986) to file an answer.
At this point, the two attorneys differ in how they perceived the agreement. Hall claims Ramsey advised him he had no objection to the requested extension. Ramsey acknowledges he told Hall he had no objections, but claims he told Hall the extension was contingent on Hall sending a letter confirming the extension or filing a motion for the extension. He explained he inserted those conditions because Hall al *240 legedly told him he was not sure if he would be representing Sunrise. Ramsey construed that to mean Hall was unsure if the firm would be representing the defendant rather than whether someone else in the firm might be handling the case. Hall denied there were any conditions, but admitted that, due to clerical error, no letter was sent nor was a formal motion for extension filed. However, he added he customarily sends a letter of confirmation or files a motion regardless of any agreement. Ramsey also stated he told Hall he would not even write Hall’s name down in his file as Hall allegedly did not know whether he would be representing Sunrise.
Not having heard from Hall, Ramsey obtained a preliminary default on August 29,1986 and confirmed it on September 11, 1986.
TRIAL COURT
Following a hearing at which testimony from both attorneys was heard, the trial court rejected without reasons defendant’s motion to vacate the default judgment. From that decision, defendant has taken this suspensive appeal.
ASSIGNMENT OF ERROR
Defendant alleges the trial court erred in denying his motion to annul the judgment in light of the ill practice through which plaintiff obtained the default judgment, resulting in gross inequities.
La.Code Civ.P. art. 2004 provides in pertinent part that a final judgment obtained by fraud or ill practices may be annulled.
“Ill practices” need not be actual fraud or intentional wrongdoing, but can encompass a situation which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable. Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1070 (La.1983).
Defendant argues the “ill practice” in the instant case consisted of Ramsey’s failure to abide by his informal agreement with Hall to allow Hall more time to answer plaintiff’s petition. In the alternative, defendant is willing to concede the “ill practice” may have been simply a “misunderstanding,” but states that even misunderstandings have been treated by the courts as “ill practice.” However, the misunderstanding must be based on facts which he “reasonably believed” created such an agreement. Kem Search, at 1070. An annulment is not the solution to legal rights lost through one party’s negligence or failure to act.
This case is distinguishable from those cited by defendant for the following reasons. Unlike Kem Search, in which the evidence consisted of a letter from the plaintiff’s attorney stating he “would like” to have an answer ... “should our discussions fail to be productive,” Id., at 1069, the plaintiff’s counsel in this case wrote no such “suggestion” as the Kem Search court called it. Rather, the evidence consisted only of Ramsey’s word against that of Hall.
Likewise, in Southern Discount Company v. Williams, 226 So.2d 60 (La.App. 4th Cir.1969), there was no dispute as to the terms of the agreement. The plaintiff’s attorney admitted he agreed to give defendant’s counsel “reasonable” time to answer, which the court concluded entailed more than the five-day delay given by plaintiff before taking a default judgment. Southern Discount, at 62.
In American Motorists Insurance Company v. Miller, 395 So.2d 469 (La.App. 4th Cir.1981), the testimony of plaintiff’s counsel was not that he had no such agreement (not to take default judgment), but that he does not remember any. American Motorists, at 470.
Again in Paul Doumite & Son, Inc. v. Ford Motor Company, 434 So.2d 626 (La.App. 3rd Cir.1983) the testimony was undisputed, and in Collins v. Collins, 325 So.2d 773 (La.App. 2nd Cir.1976), the testimony of defendant’s counsel was found to be more credible than that of plaintiff’s counsel.
In the present case, the trial court apparently accepted as true the testimony of *241 Ramsey. Inasmuch as the trial court, as a trier of fact, is in a much better position to assess the credibility of witnesses who testify in open court than the Court of Appeal, this court will defer to the findings reached by the lower court in this case.
Accordingly, we affirm the judgment of the trial court at appellant’s costs.
AFFIRMED.