295 So.2d 213 (1974)
Tom THOMAS, Jr., and Edith Thomas Snyder, Plaintiffs-Appellants,
v.
James R. BEASLEY and Lillian Harris, Defendants-Appellees.
No. 4565.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1974.
*214 Norman M. Magee, Ferriday, for plaintiffs-appellants.
Lloyd F. Love, Ferriday, for defendants-appellees.
Before FRUGÉ, HOOD and DOMENGEAUX, JJ.
FRUGÉ, Judge.
This is an action to nullify a judgment signed on October 18, 1968, and to enjoin the judicial sale of certain immovable property in which the plaintiffs owned an undivided interest. Plaintiffs asserted that one of the two signatures on the promissory note, serving as a predicate for the aforementioned judgment, had been forged. The plaintiffs relied upon La.C.C.P. Article 2004, which provides in pertinent part that the action in nullity must be brought within one year of the date of discovery of the fraud or ill practice. Defendant, James R. Beasley, filed an exception of prescription of one year which was sustained by the trial court. From this judgment, the plaintiffs have appealed. We affirm.
Plaintiffs-appellants allege error in the trial court's failure to find a preponderance of the evidence affirmatively establishing that the discovery of the fraud was made approximately eight months prior to the institution of plaintiffs' suit. The pertinent evidence is set out in the following.
The judgment sought to be nullified was the final judgment rendered in Suit No. 14,152 entitled "James R. Beasley, d/b/a Beasley Construction Company v. The Estate of Johnny Thomas et al.", appearing on the docket of the Seventh Judicial District Court, Concordia Parish, Louisiana. This suit was based on the enforcement of a promissory note dated March 3, 1964, allegedly signed by Johnny Thomas and one Lillian Harris.
Following trial, judgment was rendered ordering that certain property, owned in indivision by Tom Thomas, Sr., be sold at public sale for purposes of partition by licitation. On June 26, 1973, the date prior to the scheduled sale, plaintiffs filed suit alleging that the signature of Johnny Thomas on the note given to James R. Beasley on March 3, 1964, was a forgery and the judgment rendered in Suit No. 14,152, being based on an alleged fraud, was null and void and should be set aside. La.C.C.P. Article 2004.
Plaintiffs testified that they were not, in any way, parties to Suit No. 14,152. They *215 asserted that their first knowledge of the alleged fraud or ill practice, in defendants' procurement of the judgment, was in November of 1972, when James Beasley filed suit against them seeking to partition immovable property owned in indivision.
Factors apparently influencing the trial court's decision are as follows. The immovable property subject to the judicial sale in this matter was originally the property of Tom Thomas, Sr. Plaintiffs involved in this suit were Mr. Thomas' children, and Lillian Harris was a niece of plaintiff, Edith Thomas Snyder. All parties apparently lived near each other on this property.
In regard to the testimony of plaintiffs, Edith Thomas Snyder testified under direct examination that she had no knowledge that Lillian Harris had ever talked to Cecil G. Smith, Jr., a Natchez, Mississippi, attorney, about James Beasley's claim. She also stated she had never discussed this claim with anyone else, including the members of her family. Mr. Smith, however, was called in rebuttal by defendant and identified Edith Snyder as Lillian Harris' aunt, who had accompanied Lillian Harris at the time of one of her visits to his office in Ferriday, Louisiana. Mr. Smith did not recall specifically discussing the promissory note, but did recall discussing with Mrs. Snyder that ".... she and the rest of the people who owned this property in question would of necessity be involved in a partition proceeding." He further testified that it was probably in the fall of 1969 when Lillian Harris and Mrs. Snyder first talked to him in conjunction with the suit of Mr. Beasley.
Article 2004 of the Louisiana Code of Civil Procedure sets forth the applicable law in this area:
"A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices."
This article has been jurisprudentially construed to require that plaintiff bear the burden of proving that the fraud or ill practice was discovered within the year prior to institution of suit. St. Mary v. St. Mary, 175 So.2d 893 (La.App. 3rd Cir. 1965). It has been firmly established that the trial court has much discretion in determining whether a judgment should be annulled because of fraud or ill practice. See Trouard v. Carpenter, 281 So.2d 863 (La.App. 3rd Cir. 1973), and Muller v. Michel Lecler, Inc., 266 So.2d 916 (La. App. 4th Cir. 1972).
The crux of the trial court's ruling was that the plaintiffs had failed to produce evidence which would preponderate in favor of their claim. Plaintiffs called no witnesses other than themselves, and the testimony of Edith Snyder was evidently found to be unconvincing. The trial court stated in its reasons for judgment that it could not comprehend how these people, living closely together in a rural area, did not know what was happening in regard to their property.
It is a fundamental principle of our law that the trial court is best situated to determine the credibility of the witnesses testifying before it. On the record before us, we are unable to find that the trial court manifestly erred in its determination of facts, especially where the credibility of the witnesses before it was obviously of paramount importance in the disposition of this case.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Appellants are to pay all costs of this appeal.
Affirmed.