347 So.2d 906 (1977)
Succession of Manuel DAVIS.
Essie GRAY et al., Plaintiffs-Appellees,
v.
Willie DAVIS et al., Defendants-Appellants.
No. 6038.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1977.
Gravel, Roy & Burnes by Robert L. Royer, Alexandria, for defendants-appellants.
Raymond L. Simmons, Baton Rouge, for plaintiffs-appellees.
Before HOOD, FORET and HEARD, JJ.
HEARD, Judge.
This suit was instituted by Bertha McWilliams and Essie Gray, heirs of Bertha Preston, to nullify and set aside a judgment of possession sending Willie Davis and Jewel Davis into possession of the estate of Manuel Davis.
From a judgment nullifying the judgment of possession, the defendants have appealed.
On July 2, 1974, a "Judgment of Possession" was signed, placing defendants, Willie Davis and Jewel Davis, in possession of the estate of their father, Manuel Davis. The judgment was rendered on the basis of an affidavit made by Cleveland Ford, and Walter Rhodes, Jr., swearing, among other things, that the decedent Manuel Davis had left no will.
*907 Defendants claim that the decedent had had a valid statutory will drawn up by his attorney, Hunter Pierson, now deceased. The will was seen by P. David Gray, the day after the will was made in 1958. However, the will could not be found after the death of the decedent. At the time of the present suit, a diligent search was made by J. Marc Lampert, Notary Public, among the effects of Pierson's estate, but no will was found.
At trial, several of the plaintiffs testified as to the existence of the will and its contents. While there is some contradictory testimony, the trial court found as a matter of fact that the testimony proved the following:
1) That Manual Davis executed a statutory will, valid in form.
2) That Hunter Pierson acted as his attorney and drew up the will.
3) That Davis bequeathed ten (10) acres and his house to his second wife, Bertha, mother of the plaintiffs.
4) That he bequeathed five (5) acres to each of his sons, Willie Davis and Jewel Davis.
5) That at the time Jewel Davis signed the affidavit sending him and Willie Davis into possession, he and his attorneys had sufficient notice that there had been a will.
On the basis of the evidence, the trial court annulled the previous judgment of possession, as it was obtained on an affidavit containing false information. (The trial court noted that all evidence had been admitted over the objection of defendants, who claimed parol evidence could not be used to prove the existence of a missing will.) From this judgment, defendants appealed.
Appellants contend that the court committed an error of law in admitting parol testimony to prove the contents and validity of a non-existent statutory will and in nullifying a judgment of a possession on that evidence.
The Louisiana Supreme Court held that in Louisiana, if the will is lost, the entire will can be proved by extrinsic evidence.
Succession of Boyd, 306 So.2d 687 (La.1975). Boyd involved proving the date of an olographic will by extrinsic evidence but the court in its opinion talked of Succession of Nunley, 224 La. 251, 69 So.2d 33 (1954), in which the entire contents of the will were proven by extrinsic evidence when the original was lost. However, in that case, a duplicate of decedent's olographic will was found in her attorney's records.
In 1860, the United States Supreme Court recognized that under Louisiana (and French) law, when a will has been destroyed or lost, secondary evidence is admissible to prove its contents and to carry it to probate. Such evidence must be presented by the party urging that the will existed. Gaines v. Hennen, 65 U.S. 553, 16 L.Ed. 770 (1860).
If extrinsic evidence is allowed to probate a missing will, then surely it is permissible to admit it in order to determine whether a judgment of possession should be annulled. In cases involving nullity of judgments under Code of Civil Procedure Article 2004, great discretion is given to the trial court. Thomas v. Beasley, 295 So.2d 213 (La.App. 3rd Cir. 1974). In this case, there is no showing that the trial court abused its discretion.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of the appeal to be paid by defendants-appellants.
AFFIRMED.
HOOD, Judge, dissents, being of the opinion that plaintiffs do not have a right of action to maintain this suit, since the alleged will has not been judicially recognized and probated.