364 So.2d 1361 (1978)
Succession of Samuel VAN SKYE.
No. 6643.
Court of Appeal of Louisiana, Third Circuit.
November 15, 1978.
Gist, Methvin & Trimble by DeWitt T. Methvin, Jr., Alexandria, for plaintiff-appellant.
William E. Skye, Garrett & Ryland by Donald M. Garrett and B. Dexter Ryland, Alexandria, for defendant-appellee.
Before WATSON, GUIDRY and FORET, JJ.
FORET, Judge.
Suit No. 6643 was instituted by Mary E. Maycock, sister of decedent, to nullify the judgment of possession dated September 14, 1971, and to re-open her brother's succession on the grounds that the will probated therein was not the last will and testament of her brother, Samuel Van Skye. In Suit No. 6644, 364 So.2d 1357 (La.App. 3 Cir. 1978), an action was brought by Mary E. Maycock to nullify the homologation of the final account and various provisional accounts in the succession of her mother, Ethel R. Skye, on the basis of alleged illpractices of the executor, William E. Skye. Judgment was rendered in both suits in favor of the defendant, dismissing the plaintiff's demands. The plaintiff has perfected this devolutive appeal from both judgments. We will render separate judgments in each case.
The sole issue presented in Suit No. 6643 is whether the judgment of possession of September 14, 1971, should be annulled on the grounds that it was based upon other than the last will and testament of the decedent, Samuel Van Skye. The succession of Samuel Van Skye was commenced on April 29, 1971, pursuant to a petition for authorization to enter a bank box. William E. Skye, an attorney, the decedent's brother, was the testamentary executor of the estate. On September 14, 1971, the executor was discharged and the succession closed. On April 27, 1976, Mary Maycock instituted this suit to re-open the succession. The will that was probated in the succession of Samuel Van Skye was dated October 23, 1967. Mrs. Maycock testified that she had seen a will dated subsequent to this and that she gave it to her brother, William Skye, and never saw it again. William Skye denied that Mrs. Maycock ever turned any will of Samuel Van Skye over to him and testified that his brother had left numerous writings concerning his will which were not valid testaments.
The trial court found there was insufficient proof to nullify the previously probated will. In cases involving nullity of judgments under Code of Civil Procedure Article 2004, great discretion is given the trial court. Thomas v. Beasley, 295 So.2d 213 (La.App. 3 Cir. 1974); Succession of Davis, 347 So.2d 906 (La.App. 3 Cir. 1977). In this case, there is no showing that the trial court abused its discretion.
We affirm the judgment of the trial court.
Costs of this appeal are assessed against Mrs. Mary E. Maycock.
AFFIRMED.