380 So.2d 140 (1979)
In re Wayne Edward KOONCE and Joy Marie Granier Koonce Applying for Adoption.
No. 12910.
Court of Appeal of Louisiana, First Circuit.
December 27, 1979.
Rehearing Denied February 20, 1980.
Writ Refused April 18, 1980.
*141 Joseph R. Raggio, Baton Rouge, for plaintiff-appellant Wayne Edward Koonce.
Patrick W. Pendley, Plaquemine, for defendant-appellee Joy Marie Granier and Curator Ad Hoc for Johnny James Koonce and Roxanne Joy Koonce.
William O. Templet, Plaquemine, for defendant-appellee Joseph Bentley Anderson.
Before ELLIS, CHIASSON and PONDER, JJ.
CHIASSON, Judge.
Wayne E. Koonce appeals the judgment of the trial court refusing to declare a final decree of adoption an absolute nullity. Mr. Koonce and Joy M. Granier Anderson entered into a marriage on September 12, 1975. A final decree of adoption was signed on June 17, 1976, wherein Mr. Koonce adopted two of Mrs. Anderson's minor children. Subsequently, Mr. Koonce filed a petition for the annulment of the marriage on the grounds that the Alabama divorce between Mrs. Anderson and Mr. Bently Anderson, her former husband, wasin valid. The invalidity of the Alabama judgment was based on the fact that, contrary to the allegation in her petition, Mrs. Anderson never resided in the State of Alabama. On June 21, 1978, Mr. Koonce obtained a judgment declaring his marriage to Mrs. Anderson an absolute nullity and holding Mrs. Anderson to be in legal bad faith. Shortly thereafter, he filed a petition for annulment of the adoption decree.
After trial, judgment was rendered dismissing the petition for annulment. It was the trial judge's opinion that there was no fraud or ill practice sufficient to warrant *142 the setting aside of the adoption decree.[1] Appellant contends that the trial judge erred in refusing to declare the adoption decree an absolute nullity.
The trial judge has much discretion in determining whether a judgment should be annulled because of fraud or ill practice and his finding will not be disturbed in the absence of an abuse of such discretion. Succession of Davis, 347 So.2d 906 (La.App. 3rd Cir. 1977). We find that the trial judge did not abuse his discretion.
Appellant argues that the adoption statutes must be strictly construed and that in the present case the statutes were not complied with. This argument is based on appellant's assertions that he was not a "spouse" nor were he and Mrs. Anderson a "married couple" within the contemplation of the adoption statutes. We find this argument to be without merit.
Article 117 of our Civil Code stated:
"The marriage, which has been declared null, produces nevertheless its civil effects as it relates to the parties and their children, if it has been contracted in good faith."
Civil Code Article 118 states:
"If only one of the parties acted in good faith, the marriage produces its civil effects only in his or her favor, and in favor of the children born of the marriage."
The import of these provisions is to cause civil effects of a marriage to flow in favor of the party who marries in good faith as though the marriage had been legally contracted. "Unless there is a legal provision to the contrary, whatever benefit accrues to a legal spouse also accrues to the good faith spouse of a marriage which has been annulled or which is subject to nullity." King v. Cancienne, 316 So.2d 366 (La. 1975). The Supreme Court has held that "good faith spouse" is interchangeable with "spouse" or "widow." King, supra.
Based on the broad construction afforded the putative marriage provisions of the Civil Code, we find that, since Mr. Koonce was a good faith putative spouse, he was a "spouse" and he and Mrs. Anderson were a "married couple" within the meaning of the adoption statutes. Cortes v. Fleming, 307 So.2d 611 (La.1974). We also find that appellant's status as a "spouse" was a civil effect in his favor at the time of the adoption which entitled him to obtain a final adoption decree at the first hearing in accordance with the provisions of La.R.S. 9:434.[2]
The obtaining of a final adoption decree under these circumstances does not constitute fraud or ill practice. Thereafter, a change of heart and difficulties with the children's mother cannot support setting aside the adoption.
Appellant also contends that, even if the adoption statutes were complied with, the adoption should nevertheless be set aside. Mr. Koonce testified that he consented to the adoption primarily because of Mrs. Anderson's insistence and to stop the visits of a man alleged to be the natural father of one of the children. However, Mr. Koonce also stated that he was aware that the rights of the children would be the same as those of biological children and that their inheritance rights had been explained to him. Therefore, he was fully aware of the legal consequences of the adoption. Under these circumstances, the *143 trial judge did not err in his determination that no fraud or ill practice sufficient to set the adoption aside had been perpetrated on appellant.
For these reasons the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] La.CCP Art. 2004 provides:

"A final judgment obtained by fraud or ill practices may be annulled.
"An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices."
[2] La.R.S. 9:434 insofar as relevant herein provides:

"When the department does not make recommendations against the adoption, and all other requirements for an interlocutory decree have been met, the court may render a final decree of adoption at the first hearing, without the necessity of entering an interlocutory decree, where:
(2) The spouse of the petitioner is the legitimate parent of the child.
(4) A married couple jointly petitions to adopt a child born out of wedlock to one of the petitioners."