JASPER E. JONES, Judge.
Plaintiff, Raymond C. Ellerd, appeals a judgment rejecting his demand to annul a sheriff’s sale of a lot owned by him in an executory process proceeding initiated by defendant, John Williams. We affirm.
John Williams sold plaintiff a subdivision lot in Shreveport in 1976. Plaintiff delivered defendant his $6,000 monthly installment note secured by a mortgage on the property as part of the consideration for the lot. Plaintiff failed to timely pay the installment due on May 15, 1977, and probably had not paid at least one other earlier due installment on said note. On June 16, 1977 defendant sued to enforce collection of the note by executory process.
Since plaintiff resided in Albuquerque, New Mexico a curator was appointed to represent him. The curator notified plaintiff of the impending seizure and sale, and plaintiff advised the curator that he wanted to avoid the sale and requested the curator to obtain from defendant’s attorney the amount which would be required to pay off the note, which the curator did. Plaintiff was then advised that defendant would cancel the sale only if plaintiff paid the entire balance due on the note, plus interest, attorney’s fees, and all costs. The payoff figure effective through September 1 given the curator, and presumably transmitted to plaintiff, was $6693.11. Plaintiff advised the curator that he would have the funds to pay defendant on July 20, August 15, and August 20, and each time plaintiff was unable to borrow the funds necessary to pay defendant.
Because of plaintiff’s numerous failures to pay the note and costs defendant proceeded to have the sheriff’s sale set for September 21. Plaintiff finally succeeded in negotiating a loan with his employer in the amount of $6500 which was to be secured by a mortgage of the seized lot. The note and mortgage in the amount of $6500 to be executed by plaintiff was prepared by the curator and sent on September 19 to the Albuquerque National Bank who was representing plaintiff’s employer in connection with the loan. Plaintiff planned to come to Shreveport from New Mexico on the day of the sale to bring the money, but it was agreed between defendant’s attorney and the curator on the morning of the sale that plaintiff did not need to bring the money to Shreveport on the date of the sale. It was agreed that defendant’s attorney would buy the property at the sheriff’s sale in the name of defendant, and plaintiff would send the money to Shreveport. The curator would then deliver the money to defendant who would deed the property to plaintiff. *1273 The payoff figure on September 21 was $6728.14. The curator discussed the whole transaction with plaintiff on the phone on the night of September 21. There is a dispute between defendant’s attorney and the curator as to when the money would have to be paid to the defendant in order for defendant to be required to reconvey the lot to plaintiff. Defendant’s attorney stated that the agreement was that the funds must be paid on September 22, the day following the sheriff’s sale. The curator testified the agreement was that the funds must be paid by September 26, which was five days after the sheriff’s sale. The curator testified the check arrived at his office September 26 and he advised defendant’s attorney of its receipt the same day and was advised that defendant would not accept the money and reconvey the property.
Plaintiff sued to have the judicial sale declared a nullity because of fraud and also sued for damages. An exception of no cause of action was sustained by the trial court. The judgment sustaining the exception was reversed by this court. Ellerd v. Williams, 864 So.2d 648 (La.App.2d Cir. 1978). The judgment now appealed was rendered following a trial on the merits.
A final judgment can be annulled if it was obtained by fraud or ill practices. LSA-C.C.P. art. 2004 [1]. A sheriff’s sale pursuant to judgment ordering executory process is subject to annulment for fraud or ill practices by the creditor and adjudicatee where no third rights have intervened. See Eilerd, supra, and authorities cited therein.
Plaintiff assigns as error the trial court’s refusal to annul the sale and award him damages.
Plaintiff contends that he was misled by defendant into believing that he need not pay the suit off before the sheriff’s sale or have his curator bid on the property at the sale because defendant promised to recon-vey the property to him if he sent the money by September 26. Plaintiff contends that defendant broke this promise by refusing to accept the money sent on September 26 and refusing to reconvey the property. It is this conduct that plaintiff contends is the fraud and ill practice which requires that the sheriff’s sale be annulled.
The trial judge refused to annul the judicial sale because he concluded that plaintiff failed to establish any fraud or ill practices had been practiced by defendant.
All the evidence established that the agreement as to when the money must be paid before defendant was required to convey the property back to plaintiff was made between defendant’s attorney and the curator. The trial judge found there was no clear agreement between the defendant’s attorney and the curator as to when the money must be paid because the defendant’s attorney testified that it was required to have been on the day following the sale, or September 22, whereas the curator testified that if the money was paid by September 26 the defendant was required to recon-vey the property.
The threshold issue presented on appeal is whether the plaintiff, through the curator who was serving as his attorney, tendered the required payoff by the required date.
The curator testified he received the money on September 26, and on the same day called defendant’s attorney preparatory to completing the reconveyance transaction, and was told by defendant’s attorney that defendant would not reconvey the property except for a much greater sum than the agreed payoff.
Defendant’s attorney testified that the curator did not advise him that he had received the money from plaintiff until September 27, and he stated that he documented the date of the call in his daily office diary which he had in his hand at the time he testified, and upon which he was cross-examined by plaintiff’s attorney.
*1274 The trial judge did not decide whether the money had to be tendered by September 22 or by September 26, but rather made what we construe to be a finding of fact that the money was not tendered until September 27.
The trial judge in his written reasons for judgment stated:
“The evidence seems to indicate that it was actually Tuesday (Sept. 27) before Mr. McMichael (the curator) got in touch with Mr. Bookter (defendant’s attorney) and informed him that he had the check. That’s verified first by the time record of Mr. Bookter.”
The trial judge later stated:
“It was simply a case where the work was not performed in accordance with the contract timely.”
We conclude that the trial court here made a determination that even if the last date upon which the money could be paid was September 26 as stated by the curator, that it was not tendered until September 27 which was one day late. We note that the evidence establishes that from the time suit was filed on June 16 until the sale more than three months later on September 21, that the defendant’s attorney had been told numerous times by the curator pursuant to instruction from plaintiff that the payoff money would be there on various dates and the money was never paid at the time promised. The trial judge observed these facts, which were admitted by plaintiff in his testimony, in his reasons as circumstances which contributed to his conclusion that there was no fraud or ill practices established to justify setting aside the sale when plaintiff tendered the money late, even based upon the agreement as understood by the curator.
The trial court has much discretion in determining whether a judgment should be annulled because of fraud or ill practices. In Re Koonce, 380 So.2d 140 (La.App.lst Cir. 1979). His finding should not be disturbed in the absence of an abuse of discretion. Succession of Van Skye, 364 So.2d 1361 (La.App.3d Cir. 1978); Succession of Davis, 347 So.2d 906 (La.App.3d Cir. 1977); Thomas v. Beasley, 295 So.2d 213 (La. App.3d Cir. 1974). Plaintiff has made no showing tliat the trial judge abused his discretion.
Plaintiff quotes in brief the testimony of defendant to the effect that plaintiff had five or six days from the date of the sale to pay the money and get the property returned. Plaintiff then contends that even if the curator did not offer the money to defendant’s attorney until September 27 that this would be six days from the date of the sale.
It is significant that defendant never participated in the agreement concerning the reconveyance of the property and unequivocally testified that this was totally handled by his attorney. Under the circumstances the trial judge committed no error when he considered the last day upon which the payment could be made as September 26, which was five days from the sale. This is not inconsistent with defendant’s testimony which stated that it was to be either five or six days from the date of the sale:
“I’m thinking it was five or six days after the sale he could have bought it back at the same price.”
The trial judge’s factual determination involved an evaluation of the testimony of witnesses whom he saw and heard testify, and it cannot be reversed on appeal unless manifestly erroneous. Canter v. Koehring Co., 283 So.2d 716 (La. 1973); Arceneaux v. Dominque, 365 So.2d 1330 (La. 1978). There has been no manifest error shown in the trial judge’s factual determination.
We further observe that even if the testimony of the defendant is construed as giving plaintiff until September 27 to pay, that the cashier’s check of $6500 would not have satisfactorily complied with the agreement. The agreement was for plaintiff to pay defendant the unpaid balance of the note, interest, attorney’s fees, and cost. The payoff as of September 1 was $6639.11, an amount of $139.11 more than the $6500, and the payoff as of September 21 was $6728.14, resulting in the $6500 sent to the curator being $228.14 short on the date of the sale. The curator testified that he had expected to receive the full amount of the payoff. *1275 He said he thought perhaps he would have received defendant’s personal check to supplement the Bank of Albuquerque’s check, but that he did not receive it. The facts indicate that the amount of the check was never discussed between defendant’s attorney and the curator after the curator received it, but the curator acknowledged at trial that he never had enough of the plaintiff’s money to comply with the payoff agreement.
Had defendant agreed to accept the payment on September 27 he would have been fully justified in rejecting the $6500 check and refusing to convey the property to plaintiff. Plaintiff’s conduct in sending an inadequate amount to conclude the re-conveyance transaction was a continuation of his pattern of conduct for the previous three months wherein he had on numerous occasions promised payment on given dates and on each occasion defaulted in making the payoff required to get the foreclosure suit dismissed. Considering the totality of these circumstances we fully agree with the trial judge that the plaintiff failed to establish fraud or ill practices which would entitle plaintiff to have the sheriff’s sale annulled or entitle him to any damages.
AFFIRMED at appellant’s cost.

. LSA-C.C.P. art. 2004 — A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.