J. BRUCE NACCARI, Judge Pro Tem.
This appeal arises from the denial of a motion to set for trial an action to annul an adoption on grounds that the petition fails to state a cause of action.
Nora Altamirano Caceres and Arnold Uriel Caceres were married on June 23, 1984. Mrs. Caceres had been divorced from her first husband, Ellis Hugh Gee, on July 30, 1980 and her son, Marco Alexander Altami-rano, had been born on December 17, 1980. In July, 1985 Mr. and Mrs. Caceres’ attorney filed a joint petition for the couple to apply for adoption, alleging that the child was born out of wedlock. The matter was heard on October 22, 1985, with Mr. and Mrs. Caceres, Mr. Gee, and counsel for the parties present. Mr. Gee testified that he could neither object nor consent to the adoption because he was not the father of the child. The court interrogated the adoptive father and then signed a final decree of adoption, ordering that the child’s name be changed to Marco Alexander Caceres.
Less than two months later, on December 19,1985, Arnold Caceres filed a petition to annul and set aside the adoption on grounds that Nora Caceres had fraudulently induced him to adopt the child, as follows in pertinent part:
“II
Plaintiff and defendant was separated for four months, from March through June, 1985. As part of their reconciliation efforts, defendant convinced the plaintiff that he should adopt her illegitimate child. Defendant convinced plaintiff that this would be good for their marriage, and would assist in their reconciliation. These representations were false and were made with the intention of fraudulently inducing the plaintiff to adopt the minor child, in order that the defendant could obtain financial support for the child (and indirectly for herself), from the plaintiff, upon her provoking a separation and divorce.”
“HI
Almost immediately after the judgment of adoption was signed, without an interlocutory decree, defendant began distancing herself from the plaintiff, began sleeping in a separate bedroom, and began treating him as though he did not exist. Defendant’s treatment of the plaintiff had been so suddenly severe, and such a drastic departure from her prior behavior, that it is now clear that her prior behavior was intended solely *740 and only for the purpose of inducing the plaintiff to enter into the aforesaid adoption.”
Caceres alleges further that he had been unaware that the child would be his forced heir until the judge referred to inheritance rights in the hearing, but was too embarrassed to admit it then. On January 14, 1986, the judge denied Caceres’ motion to set for trial, writing across the motion, “Petition fails to state a cause of action. See also [In re] Koonce, 380 So.2d 140 [La.App. 1st Cir.1979].” The judge did not give leave to the plaintiff to amend the petition, and he did not file for permission to amend, choosing instead to take this appeal.
The plaintiff asks this court to decide whether the trial court was correct in denying his motion to set and in ruling that the petition failed to state on cause of action.
Under La.C.C.P. art. 927 the trial court or appellate court may notice on its own motion the failure to disclose a cause of action. Article 934 requires the court to order amendment if the grounds for a peremptory exception may be removed by amendment of the petition. For the purpose of the exception the facts in the petition must be accepted as true and the exception must be overruled unless the plaintiff had no cause of action under any evidence admissible under the pleadings. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984).
The plaintiff’s petition is governed by La.C.C.P. art. 2004, which provides for annulment of a final judgment obtained by fraud or ill practices and by La.C.C.P. art. 856, which states in pertinent part:
“In pleading fraud or mistake, the circumstances- constituting fraud or mistake shall be alleged with particularity. Malice, intent, knowledge, and other condition of mind or a person may be alleged generally.”
Fraud is defined in the Civil Code by article 1953, as follows:
“Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.”
The burden of proof is upon the one who alleges fraud. Article 1957 states that:
“Fraud need only be proved by a preponderance of the evidence and may be established by circumstantial evidence.”
The most recent case on the annulment of a decree of adoption is In Re Koonce, 380 So.2d 140 (La.App. 1st Cir.1980), writ denied 383 So.2d 23 (La.1980), cited by the trial judge. In that case the court denied the plaintiff’s claim, which was based on “ill practices,” i.e., his estranged wife’s invalid Alabama divorce. The court found that the husband in Koonce, was a good faith putative spouse and that he and his wife were a married couple according to the adoption statutes. The court held, at 142:
“The obtaining of a final adoption decree under these circumstances does not constitute fraud or ill practice. Thereafter, a change of heart and difficulties with the children’s mother cannot support setting aside the adoption.”
Although the plaintiff testified that he had agreed to the adoption at his wife’s insistence and to stop the visits of the children’s alleged father, he admitted to being aware of the legal consequences of the adoption, including inheritance rights.
The judgment in the Koonce case followed a trial of the merits. In our case, we must consider the four corners of the petition only. We note that Caceres’ allegations refer to abrupt changes in Mrs. Caceres’ behavior, while in Koonce, the problem was a change of heart on the part of the adoptive father. However, Caceres’ allegation of ignorance of the child’s inheritance rights suggest that his reason for seeking to annul was his own change of heart rather Mrs. Caceres’ behavior.
We find that the allegations of the plaintiff’s petition are insufficient to state a cause of action in fraud, and the trial court’s ruling is incorrect. We doubt that *741 the plaintiff will be able to allege additional material facts that will support a cause of action, but under La.C.C.P. art. 934 the court must order a plaintiff to amend when the grounds of the peremptory exception may be so removed. We pretermit consideration of the appellant’s other arguments bearing on the correctness of the adoption decree.
Accordingly, for the reasons stated above we set aside the judgment appealed from, remand the case to the trial court, and direct the judge to order the plaintiff to amend within the delay allowed by the court.
JUDGMENT VACATED, CASE REMANDED.