# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**20-632 consolidated with 20-633**

**CARMEN BERGERON MOSING, ET AL.**

**VERSUS**

**SHARON MOSING MILLER, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2020-1625
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Van H. Kyzar, and Sharon Darville Wilson, Judges.

**AFFIRMED.**

**Jack M. Alltmont**
**Sessions, Fishman, Nathan & Israel, LLC**
**400 Poydras Street, Suite 2550**
**New Orleans, LA 70130**
**(504) 582-1500**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Carmen Bergeron Mosing**
    **Carmen Bergeron Mosing obo Chloe Bella Mosing**
    **Carmen Bergeron Mosing obo Chase Dupre Mosing**

**Richard C. Stanley**
**Eva J. Dossier**
**Stanley, Reuter, Ross, Thornton & Alford, LLC**
**909 Poydras Street, Suite 2500**
**New Orleans, LA 70112**
**(504) 523-5180**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Carmen Bergeron Mosing**
    **Carmen Bergeron Mosing obo Chloe Bella Mosing**
    **Carmen Bergeron Mosing obo Chase Dupre Mosing**

**Daniel J. Finch**
**Christopher B. Bailey**
**Shawn A. Carter**
**Randazzo Giglio & Bailey, LLC**
**900 E. Saint Mary Boulevard, Suite 200**
**Lafayette, LA 70503**
**(337) 291-4900**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Sharon Mosing Miller**

**Gary McGoffin**
**Durio, McGoffin, Stagg & Ackermann**
**220 Heymann Boulevard**
**P.O. Box 51308**
**Lafayette, La 70505**
**(337) 233-0300**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Steven Brent Mosing**
    **Michael Frank Mosing**

**GREMILLION, Judge.**

This action filed by plaintiff/appellant, Carmen Bergeron Mosing, individually and on behalf of her minor children, Chloe Bella Mosing and Chase Dupre Mosing (Carmen), which she termed a "protective lawsuit," demands the annulment of a judgment of homologation in her husband's succession. The named defendants/appellees, Sharon Mosing Miller, Steven Brent Mosing (Brent), and Michael Frank Mosing, interposed exceptions of lis pendens and exceptions of collateral attack, in which they asserted that the present action was barred because Carmen had filed a petition for damages against them in her husband's succession. The trial court maintained the exceptions and dismissed Carmen's petition. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

Carmen's late husband, Timothy Dupre Mosing, perished in a motorcycle accident in 2008. His sister, Sharon, was named executor of his estate. Timothy's family developed a highly successful oilfield services business that Timothy eventually inherited a share in, along with the family's other enterprises.

According to the allegations in Carmen's petition, she had filed a petition for damages in Timothy's succession proceedings against Sharon alleging that she breached her fiduciary duties as administratrix, which caused damages to Carmen and her children.[1] Brent and Michael were also named defendants in the succession. On March 19, 2019, Sharon obtained a judgment of homologation in Timothy's succession and interposed an exception to the petition for damages that argued that the judgment of homologation constitutes res judicata.

---

[1] A separate appeal pending before this court addresses actions taken in the succession. *Succession of Timothy Dupre Mosing*, 21-9 (La.App. 3 Cir. ___/___/21), ____So.3d ____.

Also according to Carmen's petition in this matter, the judgment of homologation is subject to annulment pursuant to La.Code Civ.P. art. 2004, which provides for the annulment of a judgment obtained by fraud or ill practices; "More specifically, if Sharon had the judgment entered with the intention of precluding the Petition for Damages, Sharon hid and failed to even suggest her intention to claim such preclusive effect."

Sharon, Brent, and Michael filed exceptions of lis pendens and an exception of collateral attack; Brent and Michael also filed exceptions of no cause of action.[2] They argued that the petition to annul arises from the same transaction or occurrence as the petition for damages: the actions of the executrix in performance of her fiduciary duties. According to the exceptions of lis pendens, the parties were involved in the same capacities and the matter involved the same transaction or occurrence. The exception of collateral attack asserted that the filing of the matter as a "protective lawsuit" that conditioned annulment of the judgment of homologation on whether it constituted res judicata represented a prohibited use of the petition for annulment. The trial court maintained all the exceptions. This appeal followed.

## ASSIGNMENTS OF ERROR

Carmen assigns the following errors:

1. The trial court erred in dismissing the Petition to Annul pursuant to lis pendens.

2. The trial court erred in dismissing the Petition to Annul pursuant to the exception of "collateral attack."

3. The trial court erred in dismissing the claims against Brent and Michael for failure to state a cause of action.

---

[2] Other exceptions were filed, but they are not relevant to this appeal.

4. The trial court erred in declining jurisdiction, then granting the exception of no cause of action on the merits.

5. In the alternative, the trial court erred in dismissing, rather than transferring, the Petition to Annul.

## ANALYSIS

### *Annulment of judgments*

Louisiana Code of Civil Procedure Article 2004 provides:

> A. A final judgment obtained by fraud or ill practices may be annulled.

> B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.

> C. The court may award reasonable attorney fees incurred by the prevailing party in an action to annul a judgment on these grounds.

Louisiana jurisprudence has established a two-part test to determine whether a judgment should be annulled pursuant to Article 2004: "(1) when the circumstances under which the judgment was rendered show the deprivation of legal rights of the litigant who seeks relief, and (2) when the enforcement of the judgment would be unconscionable and inequitable." *Kem Search, Inc. v. Sheffield*, 434 So. 2d 1067, 1070 (La.1983).

> [T]he article is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable.

*Id.*

When conduct "prevents an opposing party from having an opportunity to appear and assert a defense," that conduct has caused a deprivation of legal rights. *Id.* A deprivation of a legal right also occurs when "the litigant appears in court but

is prevented from participating in a fair and impartial proceeding due to ill practices of another party." *Belle Pass Terminal, Inc. v. Jolin, Inc.*, 01-149, p. 6 (La. 10/16/01), 800 So.2d 762, 767. However, matters irrelevant to the basis of a judgment will not result in its annulment. *Ward v. Pennington*, 523 So.2d 1286 (La.1988).

The decision to annul a judgment pursuant to La.Code Civ.P. art 2004 lies within the discretion of the trial court. *Wright v. La. Power & Light*, 06-1181 (La. 3/9/07), 951 So.2d 1058. The decision regarding a petition to annul is reviewed by the courts of appeal to determine not whether the trial court's factual conclusions were right, but whether they were reasonable. *Belle Pass Terminal*, 800 So.2d 762.

### *Exceptions of lis pendens*

The exception of lis pendens is declinatory. La.Code Civ.P. art. 925. Louisiana Code of Civil Procedure article 531 governs the exception. It reads:

> When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.

The article establishes a three-prong test: 1) "there must be two or more suits pending[,]" 2) "the suits must involve the same transaction or occurrence[,]" and 3) "the suits must involve the same parties in the same capacities." *Travcal Prop., LLC v. Logan*, 10-323, p. 4 (La.App. 3 Cir. 10/6/10), 49 So.3d 466, 469. There exists no bright-line test for determining whether two pending suits arise out of the same transaction or occurrence, and the fact that the pending suits seek different relief does not preclude such a finding. *Patten/Jenkins BR Popeyes, L.L.C. v. SRG Baton Rouge II, L.L.C.*, 19-1160 (La.App. 1 Cir. 6/16/20), 306 So.3d 453. The burden of

4

proof in an exception of lis pendens lies with the exceptor. *Robinson v. Robinson*, 474 So.2d 46 (La.App. 3 Cir. 1985). If the grounds for the exception do not appear in the pleadings, evidence may be introduced to support or oppose the exception. *Id*; La.Code Civ.P. art. 930.

### *The defendants' exceptions of lis pendens*

Sharon, Brent, and Michael argued that the petition to annul arose from the same transaction or occurrence—Sharon's administration of Timothy's estate—as the petition for damages filed in Timothy's succession. Because the separately-filed petition to annul and the petition for damages arose from the same transaction or occurrence and involved the same parties in the same capacities, they argued, the petition to annul, as the suit more recently filed, must be dismissed pursuant to lis pendens. The trial court agreed with the defendants.

Carmen points to this court's decision in *Succession of Skye*, 364 So.2d 1357 (La.App. 3 Cir. 1978) to support her position that the matter should not be dismissed. We distinguish *Skye* from this matter because the plaintiff in *Skye* had not filed a previous demand in her mother's succession. *Skye* might support Carmen's proposition that fraud or ill practices resulted in the homologation—a question we do not reach here—but it does not stand for the proposition that Carmen's separate petition to annul is not subject to an exception of lis pendens. Rather, the trial court in *Skye* found for the defendants in the annulment suit after trial.

Carmen also argues that the defendants failed to sufficiently support their exceptions with evidence and that, even if they had, lis pendens does not apply to this matter because they do not arise from the same transaction or occurrence. The petition for damages involves breaches of Sharon's fiduciary duties as executrix, while the petition to annul involved Sharon's actions and those of her attorney in

5

promising that they would not seek homologation of the amended tableau of distribution without first notifying Carmen's attorney yet proceeded with homologation without notice.

In support of their exceptions, the defendants filed the judgment of homologation and tableau of distribution. No other evidence was adduced. But Carmen's petition to annul makes clear on its face that the annulment proceeding and the petition for damages arise from the same transaction or occurrence, Sharon's administration of the estate. Specifically, Carmen alleged: Sharon was executrix of the succession (¶ 7); Carmen filed a petition for damages within the succession (¶8); and Carmen supplemented her petition for damages to name Brent and Michael as defendants (¶ 9). Paragraph 15 of the petition to annul alleges that Sharon concealed their intention to obtain the judgment of homologation, which represents a function of the succession representative pursuant to La.Code Civ.P. art. 3197.

The same parties have been named defendants in this proceeding as in the petition for damages, and they and Carmen occupy the same capacities. Accordingly, we find no error in the trial court's ruling.

### Exception of collateral attack

Defendants also advance an exception of collateral attack, which the trial court also maintained. This exception asserted that Carmen's action to annul the judgment of homologation should not have been brought in a separate proceeding. Louisiana Code of Civil Procedure Article 2004 does not specify the manner in which an action to annul must be brought. Comment (d) recognizes jurisprudence to the effect that such an action must be brought directly and not collaterally.

Because we affirm the trial court's dismissal of the action on grounds of lis pendens, we find that this exception has been rendered moot. The basis of this

6

exception essentially mirrors the basis of the exception of lis pendens, given the pending petition for damages field in the succession.

### *Exception of no cause of action*

Brent and Michael also filed exceptions of no cause of action, which the trial court also maintained. We find that these exceptions are also rendered moot by the maintenance of the exceptions of lis pendens.

## DECREE

The judgment of the trial court is affirmed. All costs of this proceeding are taxed to plaintiff/appellant, Carmen Bergeron Mosing.

**AFFIRMED.**